THE STATE OF KANSAS V. ALFRED THURTELL.

GENERAL CHARACTER; *Inadmissible Evidence.* Where a party is charged
with the crime of grand larceny, it is not competent for the prosecution
to initiate the inquiry as to his general character; and evidence in the
first instance that the defendant was reported to belong to a gang of horse
thieves, is altogether inadmissible.

*Appeal from Johnson District Court.*

AT the June Term, 1882, of the district court, *Thurtell*
was found guilty of grand larceny, and sentenced to the
penitentiary for the term of four years, from which judgment
he appeals.

*F. R. Ogg, J. P. Hindman,* and *I. O. Pickering,* for ap-
pellant.

The opinion of the court was delivered by

HORTON, C. J.: The appellant was tried at the June term,
1882, of the district court of Johnson county, on the charge
of grand larceny, found guilty, and sentenced to the peniten-
tiary for the term of four years. From that conviction he
appeals to this court. The evidence against the appellant
was circumstantial. Upon the trial, one William Holton
testified on the part of the prosecution that on a certain oc-
casion he saw the appellant at Louisburgh, in this state, with
a man named Starr; that he had no knowledge of appellant
being connected with horse thieves, and had no conversation
with him or in his presence on that subject, and did not know
the object of appellant's visit to Louisburgh. He further
testified over appellant's objection, that he (witness) and
Starr were both professional horse thieves; that the gang to
which they belonged had a secret oath, and that the appellant
was reported to belong to this gang of horse thieves. The
admission of the evidence " that appellant was reported to
belong to a gang of horse thieves," is complained of, and we
think very properly. It is not competent for the prosecution

to initiate the inquiry as to the general character of the prisoner, and it is only after the prisoner has elected to put his character in evidence by calling witnesses and adducing evidence in its support, that the prosecution is permitted to follow and disapprove the evidence so offered. Further, the evidence objected to was mere hearsay, and of a character highly prejudicial, under the circumstances of the case, to the appellant. ( 3 Greenl. Ev., § 25; *People v. Fair*, 43 Cal. 137; *Cheney v. State*, 7 Ohio, 222.)

The judgment of the district court will be reversed, and the cause remanded for a new trial; the appellant will be returned from the penitentiary, and delivered over to the jailer of Johnson county, to abide the order of the district court of that county.

All the Justices concurring.