No. 32,320

C. W. Brenneisen, *Appellee,* v. H. B. Phillips, *Appellant.*

No. 32,314

H. B. Phillips, *Appellant,* v. C. W. Brenneisen, *Appellee.*

(45 P. 2d 867)

Opinion filed June 8, 1935.

*William E. Carson,* of Kansas City, for the appellant.

*E. E. Martin,* of Kansas City, for the appellee.

The opinion of the court was delivered by

Dawson, J.: The first of these cases was an action for damages for razing two small houses belonging to the plaintiff. The second was an action to set aside the judgment in favor of plaintiff in the first case, on various grounds which will be stated below.

After trial and judgment and the overruling of appellant's motion for a new trial the first of these actions was appealed.

In the second case judgment was entered against the appellant, and that case, too, is before us for review.

The pertinent facts in the two cases may be briefly stated: Plaintiff Brenneisen had two small houses in Kansas City, Kan. Defendant Phillips, a resident of Kansas City, Mo., under some pretense of claim thereto, employed one or more workmen to demolish these houses and disposed of their materials. Plaintiff caused his arrest and prosecution on some pertinent criminal charge, but the result seems to have been an acquittal.

Brenneisen also commenced a civil action, case 32,320, against Phillips for damages for the destruction and conversion of his property. Defendant answered under oath that he had neither meddled with the property nor had the damage been done by an agent of his.

On this joinder of issues the case was set down for trial on a day certain, but was continued at the behest of counsel for Phillips. On its second setting attorneys for Phillips withdrew from the case. Plaintiff Brenneisen proceeded with his action, adduced his evidence, and judgment for $2,000 as the value of the houses was entered against Phillips. The same day the attorney for Brenneisen notified Phillips of these facts by telephone. The ex-attorneys for Phillips took the more formal method of notifying him by United States mail that they were withdrawing from the case, which communication would not reach Phillips until the day following. However, on the telephone information received from opposing counsel, Phillips was on hand the next morning with other counsel, who moved to set aside the judgment and grant a new trial on the usual grounds. Counsel for Brenneisen agreed that this motion might be allowed if an immediate trial could be had, but refused to consent to putting his client to the annoyance and expense of another trial if it had to be postponed. The trial judge advised the litigants that he could not grant an immediate hearing and the motion was therefore denied.

Touching the errors urged against this judgment, complaint is first made because the case was tried in the absence of defendant's attorneys. That hardly states the real situation. The circumstances warranted an inference that the verified answer filed in defendant's behalf and the maneuvers of his counsel were prompted to hinder and delay the plaintiff in obtaining judicial redress for the tort which defendant had committed against him.

No error was committed by the trial court in its refusal to vacate its judgment the day after the trial. That was a matter addressed to its discretion, and certainly the record does not show that such discretion was abused.

Exception is also based on the use of certain adverbs in the journal entry of judgment, wherein it recites that the destruction of plaintiff's houses was "willfully and maliciously" done by defendant. If these adverbs were stricken from the journal entry it would not affect the potency of the judgment against defendant in the slightest

degree. Moreover, no objection was made to these adverbs in the motion for a new trial.

Another error is predicated on the question of the competency of the plaintiff as a witness to testify as to the value of the houses. It does not appear that this point was fairly raised in the motion for a new trial, but if that point be overlooked the testimony was competent. The owner of property is presumed to know its value; his opinion of its value is competent, even if it be not very persuasive. (*Lawson v. Southern Fire Ins. Co.*, 137 Kan. 591, 599, 600, 21 P. 2d 387; *F. W. Bromberg & Co. v. Norton*, 208 Ala. 117; *Hood v. Bekins Van & Storage Co.*, 178 Cal. 150; *Jackson v. Innes*, 231 Mass. 558, 561; *Meyer v. Adams Express Co.*, 240 Mass. 94; *Langland v. Kraemer*, 230 Mich. 449; *Klind v. Valley County Bank*, 69 Mont. 386, 394; *Miller v. Drainage Dist.*, 112 Neb. 206; *McIver v. Katsiolis*, 93 Okla. 49; 22 C. J. 581, 587.)

No shadow of error appears in appeal No. 32,320.

Turning next to the case of *Phillips v. Brenneisen*, No. 32,314, plaintiff attempted to state an independent cause of action against Brenneisen under R. S. 60-3007, which authorizes the vacation of a judgment after the term, on certain specified grounds. In this case the grounds relied on were the circumstances under which the action was tried and judgment entered in *Brenneisen v. Phillips*, supra, notwithstanding the withdrawal of Phillips' counsel on the threshold of the second setting of the trial. The fact that one of Phillips' lawyers had been ill and might be unable to participate in the trial was known long before the setting of the case for trial, and there was no suggestion that his other attorney—the only one who had paid any attention to it—was incompetent to try the case. This was not a sufficient ground to compel the court to entertain an action to vacate a judgment under R. S. 60-3007. (*Farmers State Bank v. Crawford*, 140 Kan. 295, 296, 37 P. 2d 14.)

The petition to vacate the judgment likewise alleged that counsel for plaintiff and for defendant had agreed that the case of *Brenneisen v. Phillips*, supra, should not be tried on the date of its setting, and likewise had agreed that the judgment entered on that date should be vacated. The evidence to which the trial court gave credence did not support either of those allegations, and the trial court so found. Moreover, those facts, if true, should have been included in the motion for a new trial in the first case, not in this

later and independent case; and, furthermore, the postponement of trials and the vacation of judgments are discretionary powers vested in judges and courts, not in the merely disputable agreements of counsel for the litigants.

Another ground urged to vacate the judgment was that the plaintiff's evidence touching the value of the houses was false and untrue. Without giving countenance to this gratuitous allegation, if it were true it would be a species of intrinsic fraud which would have to be corrected in the action in which it occurred, not in an independent lawsuit instituted afterwards. In *Huls v. Gafford Lumber & Grain Co.*, 120 Kan. 209, 215, 243 Pac. 306, it was said:

"Fraud involved in judicial proceedings is or may be of two kinds—intrinsic and extrinsic. And if the fraud which has crept into judicial proceedings is intrinsic, it must be corrected, if at all, by a motion for a new trial filed within three days after the judgment tainted with such fraud is rendered (Civ. Code, § 306) or by a petition for a new trial, if applicable, filed not later than the second term after the discovery of the fraud (Civ. Code, § 308). Whether such new trial is invoked by motion or by petition, such proceedings are supplemental to those of the original action and must be undertaken in that identical case. If the fraud or other miscarriage of justice complained of is intrinsic, the court's jurisdiction to correct it is not otherwise invocable. (*Plaster Co. v. Blue Rapids Township*, 81 Kan. 730, 735, 106 Pac. 1079; *McCormick v. McCormick*, 82 Kan. 31, 36, 38, 107 Pac. 546; *Garrett v. Minard*, 82 Kan. 338, 108 Pac. 80; *Blair v. Blair*, 96 Kan. 757, 759, 760, 153 Pac. 544; *United States v. Throckmorton*, 98 U. S. 61, 25 L. Ed. 93 and Rose's Notes thereto at p. 512 *et seq.;* 1 Black on Judgments, 2d ed., § 292.)" (p. 215.)

In *Fry v. Heargrave*, 129 Kan. 547, 549, 283 Pac. 626, it was said:

"It is axiomatic that the judgment of a court of competent jurisdiction cannot be attacked collaterally except for extrinsic fraud. If the fraud is intrinsic it must be corrected in the action which culminated in the judgment, by supplemental proceedings, or by appellate review. Otherwise there never would be an end to litigation, nor any public or private confidence in the binding force and finality of a court's judgment.

"The distinction between intrinsic and extrinsic fraud has often been expounded by this and other courts. [Citations.]" (p. 549.)

The other matters urged in the brief of appellant have been carefully considered, but they do not justify further discussion.

Both judgments are affirmed.