No. 34,100

THE STATE OF KANSAS, *Appellee,* v. PHILLIP INVERARITY, *Appellant.*

(92 P. 2d 45)

Opinion filed July 8, 1939.

A. C. *Wilson,* of Oskaloosa, for the appellant.

James S. *Lester,* county attorney, for the appellee.

The opinion of the court was delivered by

THIELE, J.: Defendant was convicted of the crime of grand larceny. He appeals, contending there was no competent evidence that the value of the articles taken was over twenty dollars, and that there was error in the instructions to the jury.

The property taken consisted of farming implements. The owner was a witness and testified, naming the articles taken, stating their condition for use, and that they were usable as farming tools and equipment. He testified as to the value of each article, in some cases basing his opinion on what similar articles had sold for at public sales. Appellant contends that market value was not proved, and that the owner's testimony as to value was incompetent. He cites no authority in support of his contention. In *Lawson v. Southern Fire Ins. Co.,* 137 Kan. 591, 599, 21 P. 2d 387, this court recognized the rule that an owner is presumed to know the value of

his property and may therefore give testimony with respect thereto. See, also, *Brenneisen v. Phillips,* 142 Kan. 98, 45 P. 2d 867 and cases cited. Appellant sought by cross-examination of the owner to show the property taken was not fit for use as farming equipment, but was merely junk. On his defense he offered testimony of a witness who testified as to its value if it were junk, but who placed values on the various articles if usable as farming equipment at not less than one amount, nor higher than another. The aggregate of the lower values so placed was less than $20; the aggregate of the higher values was greater than $20. Under the reasoning of *State v. Bolton,* 111 Kan. 577, 207 Pac. 653, and *State v. Handler,* 142 Kan. 455, 50 P. 2d 977, the value was established by sufficient and competent evidence.

Appellant complains also that the trial court erred in its instructions to the jury. The record discloses that when the jury was instructed no objection was made to the instructions as given nor were any other instructions requested. Appellant is hardly in position to complain. (See *State v. Brown,* 145 Kan. 247, 65 P. 2d 333.) We have, however, examined the two complaints under this specification of error.

The first is that the trial court told the jury that in order to find the defendant guilty they must find from the evidence he took some one or more of the articles charged to have been stolen, without instructing them that the article so taken must be found to be of the value of twenty dollars or more. The argument is that this referred to one article, that the jury may have believed defendant took only one article, and the jury may have been misled into believing that taking of one article only warranted a conviction of grand larceny, even though there was no contention that any single article was worth $20. We think appellant's construction of the instruction is incorrect. The other complaint is that the court erred in not defining the phrase "color of right." The phrase is twice used in the instructions. For instance, in defining larceny, the court told the jury it was committed by a person who unlawfully steals the property of another with intent to convert it to his own use "without color of right or lawful excuse for the act, and without the owner's consent." The gist of appellant's argument is that in the absence of definition the jury was misled. We cannot agree. It is not necessary that the court define every phrase used by it. To so require would result in instructions of interminable length, with definition

following definition. In this particular case, if the appellant thought the phrase was not clear or needed definition, he should have made timely application to the trial court. We have examined the complete instructions given and conclude the cause was fairly submitted.

Appellee's motion that the appeal be dismissed has not been overlooked, but will not be ruled on.

It appearing there was no error in the trial, the judgment of the lower court is affirmed.