No. 36,419

THE STATE OF KANSAS, *Appellee,* v. JACK GRIFFIN, *Appellant.*

(166 P. 2d 580)

Opinion filed March 9, 1946.

*Elisha Scott,* of Topeka, argued the cause for the appellant.

*H. W. Harper,* county attorney, argued the cause, and A. B. Mitchell, attorney general, was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: Defendant was charged with rape of a twelve-year-old girl. He was convicted of attempted rape and appeals.

In his brief in this court he first argues that there was no evidence in the entire record, direct or circumstantial, to show that he was guilty of statutory rape or attempted rape. The prosecuting witness testified that she worked for him in a beer parlor; that he came in one day at noon and induced her to go to a back room and lie down on a cot; that when she lay down he got on top of her and accomplished his purpose. She testified as to one other act of a similar nature on a different date. If the jury believed her, this was enough to sustain the conviction. On cross-examination she

was a little vague as to whether or not there was an actual penetration of her person. She was positive though that he raised up her dress, took his pants off and got on top of her.

The court instructed the jury to the effect that where the crime of rape is charged a conviction may be had for attempted rape if the facts warrant it. Such an instruction was proper. See *State v. Guthridge*, 88 Kan. 846, 129 Pac. 1143; *State v. Grubb*, 55 Kan. 678, 41 Pac. 951; G. S. 1935, 62-1022; and 21-101.

Defendant points out testimony to the effect that defendant and the prosecuting witness never were in the beer parlor alone together. It is true witnesses did testify to this effect. However, the entire matter was for the jury to decide. It decided to believe the prosecuting witness. There is nothing we can do about that.

Defendant next argues that the county attorney said in his closing argument to the jury that the good people of Junction City expected a verdict of guilty and if he did not get a verdict of guilty in the case he would not be justified in trying any other criminal cases.

Counsel argues that this was prejudicial to the rights of the defendant. We have sent for the transcript. The county attorney made a vigorous argument. He did say that he thought the defendant was guilty as charged. In the next sentence, however, he advised the jury that he thought reasonable minds might differ as to whether there was an actual penetration of the body of the complaining witness, but that the evidence was clear and convincing as to the attempt.

An examination of his entire argument discloses he was really quite fair in his presentation and comments upon the evidence.

The above are about all of the points that are argued in the brief which defendant filed in this case. In his oral argument his counsel also pointed out that the county attorney said at one point that he thought every person that operated a business on East Ninth and most of the people in town were waiting to see just what the jury was going to do, and to see whether or not a fellow like the defendant could violate the virtue of a young girl and go free, or whether the jurors who were sworn to uphold the law would say that a man was guilty where the evidence showed him to be guilty. Counsel argued that this was prejudicial to the rights of the defendant. He did not object to it at the time nor does he favor us with any citations on the point. It was nothing more than the argument of a sincere county attorney.

In his argument on the hearing of the motion for a new trial counsel for the appellant pointed out that the county attorney in his argument called the attention of the jury to the fact that no witness had taken the stand to testify as to the good character of the defendant. He points out that he objected to this argument and the court sustained the objection and instructed the jury to disregard it. Counsel argues here and argued on the motion for a new trial that the jurors had heard the county attorney and the instruction of the court did not correct the error.

We think the instructions were sufficient to make the remarks nonprejudicial.

On the hearing of the motion for a new trial counsel for the defendant also argued that it was error for the trial court to fail to instruct the jury on the question of simple assault.

In the very nature of things there are only two witnesses to an act of this kind, that is, the man and the young girl upon whom the act was committed. If the jury believed her testimony, the defendant was guilty either of rape or attempted rape and there was not any place in the instructions for an instruction on simple assault.

Some of the errors we have discussed were not called to our attention in any regular way, that is, by specifications of error or even in the written argument. In our zeal to see that the defendant did have a fair trial we have examined the transcript of the entire proceedings. We find no error committed.

The judgment of the lower court is affirmed.