No. 42,675

THE CITY OF TOPEKA, *Appellee*, v. DWAYNE HARVEY, *Appellant*.

(365 P. 2d 1109)

Opinion filed November 10, 1961.

*Michael A. Barbara*, of Topeka, argued the cause, and was on the briefs for appellant.

*Donald S. Simons*, Assistant City Attorney, of Topeka, argued the cause, and *John W. Lewis*, City Attorney, of Topeka, was with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: The defendant, Dwayne Harvey, was charged by the city of Topeka with driving a motor vehicle while under the influence of intoxicating liquor, and was convicted of the charge in the police court. He appealed to the district court where he was tried by a jury and found guilty. This appeal is from orders of the district court overruling defendant's motions for a mistrial and for a new trial.

The only witness called by the city in its case in chief was the arresting officer who testified concerning the defendant's behavior immediately prior to his arrest, at the time of his arrest, and at the police station following his arrest. He testified that in his opinion the defendant was operating his motor vehicle while under the influence of intoxicating liquor. Thereupon, the city rested its case.

The defendant did not take the stand, and the only witness

called on his behalf was his wife, Geraldine Harvey. She testified she and the defendant had been married thirteen years and were the parents of three children; that on the evening of November 9, 1960, she and the defendant arrived at Van Vleck's Tavern on East Sixth Street around 7:00 o'clock in the evening; that between 7:00 and 9:00 o'clock she drank two 3.2 beers and her husband drank no more than four 3.2 beers; that an argument involving family affairs ensued and the defendant got mad, left the tavern, got into his car and drove away, and that in her opinion he was not intoxicated when he left the tavern. She further testified that the next time she saw him was at the police station later that evening, although the time was not fixed.

On cross-examination counsel for the city asked Mrs. Harvey the following questions and she made the following answers, over repeated objections by the defendant:

"Q. How long have you been married to Mr. Harvey? A. Thirteen years. Q. During that thirteen years has your husband ever been arrested for D-W-I before? (Objection, overruled by the court.) A. Do I answer? Q. What is your answer? A. What was the question? Q. During these thirteen years that you have been married to the defendant has he ever been arrested for D-W-I before? A. Yes. Q. How many times, Mrs. Harvey? A. Three times, I think. Q. Is this the third? A. I think so. Q. This is the third? A. I think so."

At the conclusion of Mrs. Harvey's cross-examination the defendant rested his case, and the city offered no rebuttal evidence.

The defendant contends that the cross-examination of Mrs. Harvey was an attempt by the city to besmirch the character and reputation of the defendant through a witness whose direct examination did not place them in issue, and that the overruling of his objections to questions concerning the defendant's prior arrests constituted an abuse of discretion and was prejudicial error requiring a reversal of the judgment and conviction. The point is well taken. It is unnecessary to set forth all of Mrs. Harvey's testimony on direct examination, but we have carefully examined it and are of the opinion that it did not tend in any respect to place the defendant's character and reputation in issue.

This court has long been committed to the rule that the prosecution is not entitled to introduce evidence of the bad character or reputation of the accused unless he has clearly and expressly put his character in issue by introducing evidence of good character. (*State v. Thurtell*, 29 Kan. 148; *State v. Kirby*, 62 Kan. 436, 446, 63

P. 752; *State v. Roselli,* 109 Kan. 33, 198 P. 195; *State v. Cushinberry,* 180 Kan. 448, 304 P. 2d 561.) See, also, 22A C. J. S., Criminal Law, § 676, p. 704; 20 Am. Jur., Evidence, § 325, p. 304; 1 Wharton's Criminal Evidence [12th ed.], § 232, p. 492. The rule is founded upon the wise policy of avoiding the unfair prejudice and unjust condemnation which such evidence might render in the minds of the jury. If such testimony should be admitted, the defendant might be overwhelmed by prejudice, instead of being tried upon the evidence affirmatively showing his guilt of the specific offense with which he is charged. (1 Greenleaf on Evidence [16th ed.], § 14b, 14q; Wigmore on Evidence, § 57.)

There are certain exceptions to the foregoing rule that the prosecution cannot resort to the defendant's bad character as a circumstance from which to infer his guilt, which are set forth in *State v. Myrick,* 181 Kan. 1056, 1058, 1059, 317 P. 2d 485. Those exceptions are inapplicable here and will not be restated since the defendant did not take the stand in his own behalf, nor did his witness offer evidence of his character and reputation. However, reference to one exception is here made; that is, that proof of an independent crime is admissible in the discretion of the court, and may be received *in the prosecution's case in chief,* under proper instructions, if it is relevant to the proof of the guilt of the defendant for the crime with which he is charged, and to be relevant, it must prove or tend to prove identity of person or crime, to prove scienter or guilty knowledge, to prove intent, to show inclination or motive, to prove plan, scheme or system of operation, to prove malice, and to rebut special defenses (*State v. Myrick,* supra, and cases cited pp. 1058, 1059).

The sole effect, if not the purpose, of the testimony in question was to attack the character of the defendant. The city made no attempt in its case in chief to introduce evidence in accordance with the foregoing exception, but, instead, sought to elicit that testimony upon cross-examination. The defendant had not placed his character in issue, and the city may not put it in issue upon the cross-examination of his witness by requiring her to testify concerning his prior arrests for the same or similar offenses (*King v. State,* 166 Ga. 10, 142 S. E. 160; *State v. Gilstrap et al.,* 149 So. C. 445, 147 S. E. 600; *Alfredo Johnson v. The State,* 149 Tex. Cr. 245, 193 S. W. 2d 528; *R. D. West v. The State,* 137 Tex. Cr. 554, 132 S. W. 2d 872; *Adams v. District of Columbia,* D. C. Mun. App., 134 A. 2d 645). As

Mr. Justice Brewer stated many years ago in *State v. Adams*, 20 Kan. 311, 319, "You cannot prejudice a defendant before a jury by proof of general bad character, or particular acts of crime other than the one for which he is being tried."

We cannot, and do not in this case, lay down a rule that cases should be reversed because improper questions were asked, but we feel warranted to say that the error reflected in the record prejudicially affected the rights of the defendant, hence, the judgment of the district court is reversed with directions to sustain the defendant's motion for a new trial. It is so ordered.