No. 43,662

THE STATE OF KANSAS, *Appellee*, v. PHILLIP DEAN IRETON, *Appellant*.

(392 P. 2d 883)

Opinion filed June 6, 1964.

*Herbert L. Lodge,* of Olathe, argued the cause, and was on the briefs for the appellant.

*Hugh H. Kreamer,* county attorney, argued the cause, and *William M. Ferguson,* attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This appeal by defendant in a criminal prosecution wherein defendant was charged, tried, convicted and sentenced as provided under G. S. 1949, 21-534 and the habitual criminal act (G. S. 1949, 21-107a) to serve not less than forty nor more than sixty years for the commission of the crime of grand larceny in violation of G. S. 1961 Supp., 21-533, is from the trial court's orders (1) overruling defendant's demurrer to plaintiff's evidence and motion for directed verdict of not guilty at the close of the state's evidence (2) overruling defendant's demurrer and motion for directed verdict of not guilty at the conclusion of all the evidence (3) overruling a motion for new trial, approving the verdict, admitting and considering previous felony convictions justifying the sentence under the habitual criminal act and (4) from the trial court's judgment and sentence.

Briefly, the information charged that on July 7, 1962, in Johnson county, Kansas, defendant unlawfully, willfully and feloniously stole, took and carried away Dale E. Howard's .20 gauge Mossberg shotgun, his .22 caliber Mossberg rifle, and his .22 caliber revolver of the value of more than $50.00.

In substance, the testimony of the three witnesses for the state was that Dale E. Howard, lived at 6320 West 82nd Terrace, Overland Park, Johnson county, and defendant had lived in the Howard home as a member of the family for six months prior to July 7, 1962; on that date other members of the family had gone to Osceola, Missouri, and defendant was the only one left in the home; the guns described above were in the home on that date, but on July 8, 1962, when Howard returned to his home, he found the guns were missing and he so informed the sheriff's office of Johnson county; Howard had previously given defendant limited permission to take the guns from the home to hunt and for target practice, but he had not given defendant permission to take the guns while he was alone in the home, or to take them to Russell, Kansas, as defendant had done; Howard reported the guns to the sheriff as missing, not stolen, because he did not want to prosecute defendant for stealing, but he did want to protect himself since he had heard defendant had become involved in a jail "break-out" at Russell; Howard was the only witness to testify the guns were valued at $50.00 or more; he stated their value was well over $50.00 when he purchased them and now; he had told the sheriff the valuation he placed on them was $90.00 or better; he would not take $50.00 or $90.00 for them now; his brother had once traded or sold the pistol for $20.00.

On cross-examination Howard answered questions to the effect that he had "no comprehension" of the present day market value of the guns; that he did not know they were worth more than $50.00.

Milton Galyardt, sheriff of Russell county, testified that on July 8, 1962, when defendant was in the sheriff's office in Russell, he had seen defendant with Howard's revolver "stuck in his trousers;" this was after he had seen Marshall Morton Burke carrying Howard's shotgun from the Mercury automobile driven by defendant to the office; the sheriff had taken Howard's rifle therefrom also and all three guns were in the sheriff's possession until the day of trial. On July 10, 1962, defendant gave the sheriff a voluntary statement in the presence of Harold Bunker, chief of police of Russell, and voluntarily signed the statement after it was read back to him. This testimony was later corroborated by Bunker. The signed statement of defendant reflected the activities of Burke and defendant on the evening of July 7, 1962, before 8:00 p. m. when they placed the loaded guns in the car and left for Russell.

At this time the state rested its case and defendant attacked the state's evidence by demurrer on the grounds there was no sufficient, competent evidence to establish the $50.00 statutory value of the guns, that defendant had Howard's implied consent to take the guns and carry them out of the house, there was no evidence to establish felonious intent in so taking and carrying them from the home, there was no evidence to show or infer that such taking and carrying was done with any intent to deprive Howard of the guns, to sell, give, or throw them away, or to profit or gain by the taking or do anything else contrary to Howard's ownership thereof. The demurrer was overruled.

Defendant then called Mrs. Howard, wife of Dale E. Howard, as his only witness, who testified their twenty-one year old son, Danny, was a friend of defendant, that she did not desire the prosecution of defendant for taking the guns, and that he had taken the guns out of the house on past occasions for target practice. On cross-examination she testified defendant had "gotten into some trouble," was on parole, and could not go home, and thus was making his home with the Howards. She further testified that on this occasion defendant had taken the guns to Russell "to break a boy out of jail."

The trial court, over defendant's objection, gave instruction No. 10 in regard to the establishment of a *prima facie* case of larceny by showing possession of stolen property by a defendant a short time after the property had been stolen. A careful reading thereof convinces us defendant's contention the instruction did not correctly state the law applicable herein is without merit but since defendant did not set out in this record all the instructions given, we are precluded from reviewing any of them. (*Neely v. St. Francis Hospital & School of Nursing*, 188 Kan. 546, 550, 363 P. 2d 438.)

Following the verdict of the jury finding defendant guilty as charged, defendant advised the court he would move for judgment notwithstanding the verdict. On November 12, 1962, he filed a formal motion for new trial, which was overruled by the trial court on November 21, 1962, when it approved the verdict. After judgment and sentence defendant perfected this timely appeal.

The first question presented by defendant involves the sufficiency and competency of the evidence to establish the felonious taking and carrying away of the Howard guns, having a value at

the time of more than $50.00, with felonious intent to deprive the owner of the use thereof. If the jury saw fit to believe the testimony appearing in this record, which testimony was competent, it was ample to establish the elements of the crime of grand larceny. While the owner of the guns was the only one to testify as to the value thereof, this court has held such evidence to be competent (*State v. Inverarity,* 150 Kan. 160, syl. ¶ 1, 92 P. 2d 45) and until the jury renders its verdict, the weight of the evidence is entirely within the province of the jury. If the verdict is approved by the trial court, then we as an appellate court have no power or authority to reverse the verdict unless it clearly appears that upon no hypothesis whatever was there sufficient substantial evidence to support the conclusions reached in the trial court. (*State v. Stout,* 175 Kan. 414, 417, 264 P. 2d 1056; *State v. Haught,* 180 Kan. 96, 100, 299 P. 2d 573; *State v. Russell,* 182 Kan. 649, 653, 323 P. 2d 913; *State v. Crosby,* 182 Kan. 677, 324 P. 2d 197.)

In spite of the former permission given defendant to take the three guns from the Howard home for hunting and target practice only while in the company of Danny Howard, in view of the facts and circumstances surrounding defendant's acts on the night in question and defendant's former record, felonious intent was almost required to be presumed by the jury as a consequence of defendant's voluntary and deliberate acts and deeds. Thus we believe both the jury and trial court were justified in finding that defendant feloniously took and carried away the guns with the further felonious intent of never returning them, thereby depriving the owner of their possession not only temporarily, but permanently. (*State v. Cooper,* 190 Kan. 101, 372 P. 2d 289.)

Defendant cites authority which could lead to an opposite viewpoint but under this record we have no element of ownership or title in defendant, or evidence that he had any right to use the guns under the existing circumstances. In the light of all this and the fact that defendant was on parole, it may even be questioned whether defendant had any right to have firearms in his possession, but we do not deem it necessary to go into a discussion of that matter.

Defendant claims error because of the introduction of certain evidence, especially the cross-examination of Mrs. Howard, but since no timely objection to that was made, as well as no objection having been made to the closing argument of the state, we cannot

on appellate review for the first time consider the propriety of the trial court allowing the introduction of such evidence or the closing argument of the state. (*State v. Owen,* 124 Kan. 533, 261 Pac. 600; *State v. Haines,* 128 Kan. 475, 278 Pac. 767; *State v. Lopez,* 182 Kan. 46, 50, 318 P. 2d 662.)

Further in support of the above contention defendant cites and relies on *State v. Myrick,* 181 Kan. 1056, 1058, 1059 317 P. 2d 485; *City of Topeka v. Harvey,* 188 Kan. 841, 365 P. 2d 1109, and *State v. Stephenson,* 191 Kan. 424, 429, 381 P. 2d 335, but a careful reading thereof shows that situations were there presented which were different from the one in our present case. Some of defendant's contentions might have been meritorious had objection been made at the proper time but absent such objection, as already stated, they cannot be raised for the first time on appellate review.

Defendant complains an instruction on petty larceny should have been given and this omission was reversible error. We cannot agree for the reason this record fails to show any such instruction was requested in the trial court or that it was submitted to the court in writing, and in addition, as mentioned earlier herein, all the instructions are not before us and thus we do not know for a certainty what was included or excluded therefrom.

We have thoroughly considered each of defendant's contentions regarding errors committed by the trial court but we cannot say this record supports any of his contentions and thus we conclude defendant ·has totally failed to make it affirmatively appear his substantial rights were prejudiced by the rulings of the trial court.

Judgment affirmed.

SCHROEDER, J., dissenting: In my opinion the appellant was materially prejudiced by certain rulings of the trial court in the trial of this criminal action.

Instruction No. 10 given by the trial court was clearly erroneous under the circumstances in this case. This instruction pertained to the *recent possession of stolen property. The primary issue in the case was whether the guns in question were stolen.* The state was required to prove the guns stolen before it became material to prove that the appellant was the person who stole them.

Here there was no question in the evidence but that the appellant took the guns from the Howard home. This was admitted by the appellant in a statement he made to the officers, which was

subsequently received in evidence by the court. The issue was whether he took the guns with the implied permission of the owners or whether he stole them. When the Howards learned that the appellant had gone to Russell to break a person out of jail, they reported the guns *missing*, not stolen, to keep from getting involved themselves. Neither Mr. Howard nor his wife desired to prosecute the appellant on the charges filed against him.

Therefore, in my opinion, instruction No. 10 was immaterial to the issues in this case and highly prejudicial to the appellant. It gave the jury an opportunity to find the appellant guilty by assuming the very fact they were called upon to decide.

Where an instruction given by the trial court is clearly erroneous, it is unnecessary for the appellant to abstract all of the instructions to invoke appellate review.

The trial court further erred in permitting testimony of previous crimes to come before the jury.

Mrs. Howard was called as a defense witness, and when pressed by the state on cross examination, she testified she knew why the appellant took the guns. When she was asked why, counsel for the appellant objected, but the trial court overruled the objection. When she finally answered, she said the appellant took the guns to try to get a boy out of jail at Russell, Kansas. While there was no objection to the last answer, counsel for the appellant had a right to assume the trial court had already ruled against him on this point. Thus, it may be said this evidence came in over objection, and it highly inflamed the jury in a case where the question of guilt, based on the evidence presented, was quite speculative. The cross examination of Mrs. Howard on this point was completely beyond the scope of direct examination.

The county attorney made the most of these erroneous rulings in his final argument of the case to the jury.

It is respectfully submitted the appellant is entitled to a new trial.

FONTRON, J., dissenting: I concur with what Justice Schroeder has said in his dissenting opinion and agree that a new trial should be granted for the reasons he has given.

However, I am of the opinion that the judgment of the trial court should be reversed for an additional reason, to-wit: That the evidence wholly failed to establish that the value of the guns taken was $50.00 or more.

The only witness who testified as to the value of the guns was their owner, Dale Edward Howard. It is true this court has held that an owner is competent to testify as to the value of his property (*Lawson v. Southern Fire Ins. Co.*, 137 Kan. 591, 21 P. 2d 387; *Brenneisen v. Phillips*, 142 Kan. 98, 45 P. 2d 867) but such has been on the premise that an owner is presumed to know his property's value. In *State v. Inverarity*, 150 Kan. 160, 92 P. 2d 45, it was held: "An owner of property is presumed to know its value and may therefore give competent testimony with respect thereto." (Syl. ¶ 1.)

It would seem only logical, however, that such a presumption should be rebuttable, and that when the owner admits to having no knowledge of value the presumption should fail. Kansas does not seem to have passed on this particular point, but it appears that while a division of opinion exists among the authorities, the prevailing, and what I would deem the better weight of authority, is that the presumption may be refuted and overcome.

An annotation covering the subject generally appears in 37 A. L. R. 2d 967, *et seq.*, and on page 985 this statement is made:

"Of course, where it plainly appears in any case that the owner has no knowledge of the value he expresses an opinion about, the presumption arising from ownership is overcome and his opinion is inadmissible."

Cases are cited from a good many jurisdictions in support of the foregoing statement as well as of the statement which follows on page 986:

"It thus follows that some knowledge of the value whereof the owner speaks is in most instances an implied requirement for application of the rule of admissibility, and the necessity of such factor has affirmatively been brought out in a number of instances."

In *Cofflin v. State*, 230 Md. 139, 186 A. 2d 216, the Maryland Court said:

". . . Thus, if it is demonstrated that the owner possesses no knowledge whatever of the market price and condition of the article in question, his testimony may be inadmissible. . . ." (p. 143.)

The record in the instant case shows that on direct examination Mr. Howard testified the guns were worth over $50.00. However, the record also shows that on cross-examination, in response to questions asked by defense counsel, Howard testified as follows:

"Q. I am talking about a rifle eight years old and a shotgun eight years old and a pistol that is unknown in age but considerably older.

"A. *I have no comprehension of the value of the guns according to the present market.* (Trans. 29, 30)

"Q. Now, just one last question: *You don't know that these guns are worth more than $50.00, do you?*

"A. *I do not, no.* (Trans. 33)" (Emphasis supplied.)

In my opinion, the foregoing testimony of Mr. Howard on cross-examination completely destroys the probative value of his evidence as to value. The presumption that, as owner, he knew the value of the guns was wholly and entirely overcome, leaving no competent evidence of value in the case upon which the jury could base its verdict.

The value of property allegedly stolen is an essential element of grand larceny and must be proved by the same quantum of proof as is required to establish every other element of the offense, which is, beyond a reasonable doubt. (*The State v. Grinstead,* 62 Kan. 593, 607, 64 Pac. 49.) I cannot believe that the state sustained its burden of proving value when the only evidence offered was that of the owner who admittedly had no comprehension of the present market value of the guns and did not know they were worth more than $50.00.

I respectfully submit that the judgment of the trial court should be reversed and that a new trial should be granted.