No. 44,747

The State of Kansas, *Appellee,* v. Vernon Towner, *Appellant.*

(446 P. 2d 719)

Opinion filed November 9, 1968.

*Robert H. Waters,* of Kansas City, argued the cause and was on the brief for the appellant.

*Robert L. Serra,* assistant county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, and Frank D. Menghini, county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Harman, C.: Appellant was convicted by a jury of the offenses of burglary in the second degree, larceny of a television set in connection with the burglary (count one), and of larceny of an automobile (count two). A previous felony conviction being shown he was sentenced on the burglary charge to a term of not less than ten nor more than twenty years, on the larceny in connection with the burglary to a term of not less than ten years, and on the larceny

of the automobile to a term of not less than ten nor more than thirty years, all sentences to run concurrently. He has appealed.

Appellant was charged jointly in the commission of these offenses with one Gerald Lee, also known as Gerald El; however, the two were tried separately. Lee's conviction was recently affirmed by this court. (*State v. Lee,* 201 Kan. 177, 440 P. 2d 562).

We consider first two specifications of error directed against appellant's conviction of all offenses. Appellant insists the trial court erred in denying his request for a continuance. The record reveals the following occurring on the first day of trial, March 22, 1966:

"Mr. Yohe: If it please the Court, the defendant does have a couple of motions he would like to make before the trial starts.

"The Court: All right.

"Mr. Yohe: The oral motion, one of them, Your Honor, is that the defendant, Mr. Towner, has informed me that he does not feel that he is ready to go to trial at this time, and we bring that matter to the Court. It might be well as to this particular motion to ask Mr. Towner to appear here before the Court to give a fuller explanation of what he has in mind.

"The Court: Come up, Mr. Towner.

Mr. Yohe: Mr. Towner, I just informed the Court that you have stated to me that you felt that you were not ready to go to trial at this time, and I brought the matter before the Court, before Judge McHale here, and suggested to him that for purposes of clarification it might be well that you be before His Honor and explain why you think that—you think perhaps you need some more time to prepare for the defense in this case.

"Defendant Towner: That is correct.

"The Court: What?

"Defendant Towner: I feel I need a little more time for my case.

"The Court: Why?

"Defendant Towner: I just don't feel I am ready to go to trial yet.

"The Court: That motion will be disposed of; that motion is overruled."

Appellant argues the appointment of his attorney was made by the district court only fifteen days prior to commencement of trial and this allowed insufficient time for trial preparation. Appellant fails to inform this court that more than two months prior to trial in district court the same attorney was appointed for him in magistrate court to represent him upon preliminary examination, which was held. It is abundantly clear appellant's attorney was appointed a sufficient length of time prior to trial. Significantly, the request for continuance was made by appellant personally rather than by his attorney. Despite ample opportunity, appellant presented nothing tangible to support his request. The granting of a continuance

in a criminal case is largely within the discretion of the trial court and its ruling will not be disturbed unless it affirmatively appears that such discretion has been abused to the extent defendant's substantial rights have been prejudiced (*State v. Dickson*, 198 Kan. 219, 424 P. 2d 274). No prejudice resulting from the ruling is shown, and the specification of error cannot be sustained.

Appellant asserts prejudicial error in the prosecution's closing argument to the jury. He says he is a Negro and therefore the statements made were inflammatory and designed to raise prejudice in the minds of the jurors regarding the alleged connection of certain racial groups to a high incidence of crime in the local community. The remarks complained of were:

"Now, we have presented our case as best we can. I think it was a bit of good fortune and good police work that they were able to happen upon the scene just as Mr. Towner and his accomplice were leaving from in front of the loan company; and it was good fortune for us, the people of Wyandotte County, that they saw this man leaving with this television set and that they were able to apprehend them in such a short distance.

"Now, you all know there is a lot of crime in Wyandotte County. Our police, our Prosecutor's Office, we are all attempting to do the best job we can. We need your help. We need juries' help. We put on the best case we have, and in this particular case I think the evidence is very strong in the case. I think that when you get upstairs you won't have any difficulty in deciding what actually happened in this case; and when you get up there I might add one thing, that you are not up there as twelve men with twelve independent opinions to—you are not up there to go up there and fight over what really happened. You are to get together and talk this over and reach one conclusion, what really happened in this case. You are the triers of the facts."

No objection to the argument was made at the time it occurred or in the motion for new trial. We have examined the entire argument for the prosecution. It contains no mention or insinuation of race, either directly or indirectly, and we cannot read into it an appeal to racial prejudice. A high crime rate everywhere is a fact of life, well known to all. Less innocuous remarks denouncing crime were held not prejudicial in *State v. Griffin*, 161 Kan. 90, 166 P. 2d 580. We cannot predicate error here.

The other specifications of error are directed toward appellant's conviction of the offense of larceny of an automobile and these may be considered together. Count two of the amended information charged appellant with the felonious taking of a 1958 Oldsmobile four door sedan belonging to another. The information contained

no allegation as to value of the vehicle. Appellant went to trial upon the information without making any request that it be made more definite and certain as to value. The only evidence as to the character of the automobile, other than the fact it was driven on the streets of Kansas City on the night of November 7, 1965, was that of the owner. The owner testified it was a 1958 white Oldsmobile four door sedan which he had owned six or eight months. There was no mention of value.

As to count two the trial court fully and correctly instructed the jury on both grand larceny (K. S. A. 21-533) and the lesser included offense of petty larceny (21-535). The jury was given the alternative of returning a verdict of guilty as to either offense, depending on its finding of value of the automobile in accord with the applicable statute. Separate forms of guilty verdict as to count two were submitted to the jury, one for use in event of a finding of guilt of grand larceny and one for a finding of guilt of petty larceny. The jury found appellant guilty of grand larceny. The verdict contained no statement of value of the property stolen as called for in K. S. A. 62-1503. Upon this verdict appellant was given the statutory penalty for grand larceny of an automobile (K. S. A. 21-534), it being doubled under the habitual criminal act (K. S. A. 21-107a).

Appellant attacks this conviction and sentence from several approaches, including those of insufficient pleading and proof that the automobile was of a value of $50.00 or more as required by K. S. A. 21-533. Appellee counters with the argument that in order to establish grand larceny value is immaterial when the subject of the theft is an automobile. This was the state of our law until 1959 when our grand larceny statute was amended to its present form. Appellee overlooks the effect of that amendment which was the subject of the appeal in *State v. Burney,* 194 Kan. 292, 398 P. 2d 335. Our statute defining grand larceny (K. S. A. 21-533) now provides:

"Every person who shall be convicted of feloniously stealing, taking or carrying away any money, goods, rights in action or other personal property or valuable thing whatsoever of the value of fifty dollars ($50) or more, shall be deemed guilty of grand larceny."

K. S. A. 21-534, which has remained unchanged since 1920, provides:

"Persons convicted of grand larceny shall be punished in the following cases as follows: *First,* for stealing any automobile or motor vehicle, by confinement at hard labor for not less than five years and not more than fifteen years;

*second,* for stealing a horse, mare, gelding, colt, filly, neat cattle, mule or ass, by confinement at hard labor not exceeding seven years; *third,* in all cases of grand larceny, except as provided in the two succeeding sections, by confinement at hard labor not exceeding five years."

In the Burney case 21-533 and 21-534 were discussed and construed together as applied to the theft of an automobile. Suffice it to say, it was there stated that in the 1959 amendment resulting in our present 21-533 the legislature abolished the form or kind of property taken as a factor in the definition of grand larceny, and after the amendment, value rather than form is the distinguishing characteristic of property subject to grand larceny. It was held that grand larceny under 21-533 is predicated solely on the value of the property, regardless of its form and that decision is controlling here.

Once the offense of grand larceny of an automobile is established, then the first provision of 21-534 prescribes a more severe sentence based upon theft of that character of property than for property of an unspecified character. But, before that provision becomes applicable, it must first be established that the offense of grand larceny, as definied in 21-533, has been committed, that is, that property of a value of $50.00 or more has been stolen.

This brings us to consideration of the evidence showing the value of the automobile. All that was shown was the make, year and model of the automobile, that it was second hand and operable. At the time taken it was approximately eight years old. Although from the description the vehicle could be inferred to be of some intrinsic value and could be inferred to be of a value sufficient to support a conviction of the offense of petty larceny (52 C. J. S., Larceny, § 133a), we are cited to no authority or line of reasoning whereby from the showing made the inference could be drawn that the vehicle in question was of a value of $50.00 or more, and we know of none.

We would not say the diacritical amount could never be inferred in a particular case where property has been sufficiently described or exhibited to the trier of the fact. However, prices of automobiles of the vintage in question are negotiable over a considerable range and are in part at least dependent upon condition. Possibly this vehicle was in fact worth $50.00 but upon the showing made, this fact would not be a matter of unquestionable common knowledge. We think the only safe rule is that the prosecution be re-

quired to make a sufficient showing and that was not done here. We hold as to the offense charged in count two that the evidence, although sufficient to support a conviction for the lesser included offense of petty larceny, was insufficient to support a conviction of grand larceny. The judgments and sentences for the offenses contained in count one are affirmed. So much of the judgment in count two as convicts appellant of the offense of petty larceny (K. S. A. 21-535) is affirmed. That part which convicts him of the offense of grand larceny and the sentence imposed for grand larceny is modified and reversed. As to the offense contained in count two the cause is remanded to the district court with direction to recall appellant for resentencing for the offense of petty larceny in accord with the provisions of K. S. A. 21-535.

APPROVED BY THE COURT.