No. 45,715

State of Kansas, *Appellee,* v. Robert Lee Kirk, *Appellant.*

(472 P. 2d 237)

Opinion filed July 17, 1970.

*Lawrence E. Sheppard,* of Shawnee Mission, argued the cause and was on the brief for appellant.

*Hugh H. Kreamer,* assistant county attorney, argued the cause, and *Kent Frizzell,* attorney general, *James W. Bouska,* county attorney, and *Mark L. Bennett, Jr.,* assistant county attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

Fatzer, J.: The appeal is from a conviction of grand larceny. (K. S. A. 21-524.)

The complaint, and later, an information charged the appellant with breaking and entering in the nighttime a residence in Johnson County, with intent to commit a larceny. The jury acquitted the appellant of burglary in the second degree, and returned a verdict of guilty to the charge of grand larceny. The appellant was sentenced to a term of from one to five years in the Kansas State Industrial Reformatory at Hutchinson.

On January 30, 1969, at approximately 8:00 p. m., when Mr. and Mrs. Leon Mottin returned to their home at 4957 Booth, in Westwood, they were told by a neighbor that someone was in their house; whereupon, the police were notified. As a city police officer proceeded in the direction of the residence, he observed a vehicle fitting the description of the one seen near the residence. In an attempt to stop the vehicle, the patrol car was rammed by the sus-

pect's vehicle. Pursuit was made into Missouri where appellant and another occupant were stopped by Kansas and Missouri authorities and taken into custody.

Many items found in the vehicle and on the person of the appellant were identified as having come from the Mottin residence at 4957 Booth.

Appellant claims two errors occurred during the trial. He first contends the district court erred in admitting the testimony of Mr. Mottin as to the cumulative value of the property taken from his home, without establishing the market value of each item taken. The appellant argues the evidence was incompetent to establish the value of the property taken and, therefore, a conviction of grand larceny cannot stand.

K. S. A. 21-524 provides that if any person in committing burglary shall also commit a larceny, he may on conviction of both offenses be punished as prescribed for burglary and for a maximum of an additional five years for larceny.

Since appellant was found not guilty of burglary by the jury, he claims the conviction of grand larceny cannot stand for the reason that a value of $50 or more was not established.

Mr. Mottin testified that in his opinion the value of all the property taken was approximately $700. This was the only testimony as to value. Appellant did not cross examine Mr. Mottin as to how he arrived at the value, nor did he present evidence in rebuttal. No authority is cited for the proposition that such testimony was incompetent to establish value.

In *State v. Inverarity*, 150 Kan. 160, 92 P. 2d 45, it was held:

"An owner of property is presumed to know its value and may therefore give competent testimony with respect thereto." (Syl. ¶ 1.)

See, also, *Lawson v. Southern Fire Ins. Co.*, 137 Kan. 591, 599, 21 P. 2d 378.

The jury saw fit to believe Mr. Mottin's testimony with respect to the value of the property taken. It is the function of the jury rather than the court to weigh the evidence and pass on the credibility of the witness. Before a verdict of guilty which has been approved by the district court may be set aside because of insufficiency of evidence, it must clearly be made to appear that upon no hypothesis whatever is there substantial evidence to support the conclusion reached in the lower court. (*State v. Satterfield*, 202 Kan. 395, 397, 449 P. 2d 566; *State v. Patterson*, 200 Kan. 176, 434 P. 2d 808.)

". . . [W]here, in a prosecution for grand larceny, the undisputed evi-

dence fixes the value incontestably above the amount necessary to constitute the offense charged the court is not required to instruct the jury concerning the necessity for the proof to show a value above that amount." (52A C. J. S., Larceny, § 147, pp. 697, 698, and § 152, pp. 711, 712.)

The appellant lastly contends his rights were prejudiced and he was denied a fair trial for the reason the assistant county attorney asked a witness, "do you know the young colored gentleman sitting at the table" ? Objection to the statement was made by counsel. At this point in the proceedings the assistant county attorney stated that the race of the defendant was no secret, and that the term was used as a means of identification. He pointed out that all the jurors on *voir dire* stated the race of defendant would in no way affect their judgment.

The district court overruled counsel's motion for a mistrial and admonished the jury to disregard the statement of the assistant county attorney. It stated that no consideration should be given to the matter of color or race in the case, and, further, that the assistant county attorney:

". . . did not act in bad faith and obviously did not make that reference for the purpose of prejudicing the defendant in any respect whatsoever, and the Court finds that no prejudice exists against the defendant by virtue of said remark having been made.

"The Court has observed that counsel for the State has conducted himself in a very distinguished manner and with much decorum throughout the trial of this cause and that there has been nothing said or done in the course of the trial which would in any respect tend to prejudice the defendant by reason of him being of the Negro race."

The appellant sets forth the test for determining whether remarks made during the trial were prejudicial to him—the question being did the statement actually prejudice the jury. The matter is one to be determined by the district court, and the burden is on the appellant to show an abuse of discretion in making the ruling upon which the complaint is made. (*State v. Hubbard*, 165 Kan. 406, 195 P. 2d 604.) The jury was told nothing it did not already know from courtroom observation, and from evidence properly admitted. Reference to the appellant was not made in derogatory terms and, as indicated, the district court immediately told the jury the question of race was not to be considered. (*State v. Sheard*, (Mo.) 276 S. W. 2d 191; *Rouse v. Commonwealth*, (Ky.) 303 S. W. 2d 265.) In the absence of evidence to the contrary, we cannot say the appellant's substantial rights were prejudiced.

The district court did not err in overruling the appellant's motion for a new trial, and the judgment is affirmed.