No. 46,517

State of Kansas, *Appellee,* v. Thomas W. Brown, *Appellant.*

(496 P. 2d 1340)

Opinion filed May 6, 1972.

*Max Regier,* of Wichita, argued the cause and was on the brief for the appellant.

*Keith Sanborn,* County Attorney, argued the cause, and *Vern Miller,* Attorney General, and *Ted L. Peters,* Deputy County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Kaul, J.: Defendant was convicted of grand larceny. He appeals, contending there was no evidence that the value of the motorcycle taken was over fifty dollars.

The owner, Mr. David C. George, testified that he purchased the Mini-Trail Honda '70 motorcycle on April 14, 1970, for $381.08. Mr. George's canceled check in that amount was received into evidence. The motorcycle was stolen forty-three days later, on May 27, 1970.

At the conclusion of the state's evidence, defendant moved for discharge on the ground value was not established. Defendant's motion was overruled and the case was submitted to the jury, the defendant offering no evidence. Instructions are not challenged, thus presumably the jury was properly instructed concerning the dollar value element of grand larceny.

On appeal, defendant argues there was not sufficient evidence that the motorcycle was of a value of more than fifty dollars as required by K. S. A. 21-533 [now K. S. A. 1971 Supp. 21-3701], and thus the case should not have been submitted to the jury.

The state argues that since Mr. George testified he used the motorcycle on May 27, thus showing it was operable, the jury could

reasonably find it had not depreciated 87% in value in forty-three days. We are inclined to agree.

Defendant relies principally on the case of *State v. Towner*, 202 Kan. 25, 446 P. 2d 719, which involved the theft of an eight-year-old automobile. The only evidence of value was the make, year and model of the automobile; that it was second hand and operable, and eight years old at the time of the theft. We held the evidence insufficient to support a conviction of grand larceny, stating:

"We would not say the diacritical amount could never be inferred in a particular case where property has been sufficiently described or exhibited to the trier of the fact. However, prices of automobiles of the vintage in question are negotiable over a considerable range and are in part at least dependent upon condition. Possibly this vehicle was in fact worth $50.00 but upon the showing made, this fact would not be a matter of unquestionable common knowledge. We think the only safe rule is that the prosecution be required to make a sufficient showing and that was not done here. . . ." (pp. 29-30.)

The distinction between *Towner* and the case at bar is that the value of the motorcycle was definitely fixed by the owner only forty-three days prior to the theft, whereas in *Towner* there was no purchase price fixed and the automobile was shown to be eight years old.

We believe the jury could properly infer that an operable motorcycle could not depreciate in value 87% in forty-three days.

The owner of property may testify as to its value. (*State v. Kirk*, 205 Kan. 681, 472 P. 2d 237; *State v. Ireton*, 193 Kan. 206, 392 P. 2d 883; and *State v. Inverarity*, 150 Kan. 160, 92 P. 2d 45.) Here, the price paid certainly indicated Mr. George's opinion of the value forty-three days prior to the theft.

In *State v. Handler*, 142 Kan. 455, 50 P. 2d 977, we find this statement quoted with approval from 36 C. J. p. 908:

" 'Evidence of the price which the owner had paid for stolen property shortly before its theft, or which had been received for it or property of the same kind, since the theft, or which accused had refused to take for it, is sufficient to sustain a verdict based on the value so determined.' " (pp. 459-460.)

We believe the jury could reasonably infer the motorcycle was of the value of more than fifty dollars on May 27, 1970.

The judgment is affirmed.