No. 46,597

STATE OF KANSAS, *Appellee,* v. WARREN SMITH, *Appellant.*

(498 P. 2d 78)

Opinion filed June 10, 1972.

*Russell Shultz,* of Wichita, argued the cause, and *Leonard F. Watkins,* of El Dorado, was with him on the brief for the appellant.

*David A. Brace,* County Attorney, argued the cause, and *Vern Miller,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a criminal action in which Warren Smith (defendant-appellant) was tried to a jury and convicted of grand larceny pursuant to K. S. A. 21-533, and sentenced in accordance with K. S. A. 21-534. Appeal has been duly perfected.

The appellant raises two points:

"I. The complaint was signed and the warrant issued without probable cause.

"II. There was insufficient evidence to support the jury's verdict."

Evidence presented during the trial showed three calves, two saddles and two bridles, all of which totaled more than $50 in value, were taken from the Robert Knox farm in northern Elk County, Kansas, on or about June 2, 1970.

A search of the premises uncovered a Boeing tool check bearing

the name of William Atkins, one of the participants in the crime. When confronted with this evidence by the sheriff, Atkins talked. Before the trial Atkins pleaded guilty to the theft of the calves and the bridles, but not the saddles. Atkins testified at the appellant's trial that he and the appellant and one Robert Lawhon loaded the calves into his pickup and took them to Lawhon's place.

After the implication of the three participants in the crime, Atkins said the three of them returned the calves and the saddles to the Knox farm, where Mr. Knox later discovered them. The bridles were not returned, but Atkins admitted he had them and would return them to Mr. Knox.

The appellant steadfastly maintained he was not present when the theft occurred and that he was not involved in the theft at any later time. He introduced alibi testimony which would have placed him somewhere else when the larceny occurred.

The appellant first contends the complaint was signed and the warrant issued without probable cause.

No objection to the sufficiency of the complaint and warrant was made at the preliminary hearing and the question was not presented to the district court. Consequently, we will not consider the matter for the first time on appeal. (*Tate v. State*, 196 Kan. 435, 411 P. 2d 661; and *State v. Blair*, 197 Kan. 693, 421 P. 2d 32.) Even if the point were properly before us, it has no merit. An unlawful arrest does not deprive a court of jurisdiction to try the accused or accept his plea of guilty, nor does it alone invalidate a subsequent conviction. (*Williams v. State*, 197 Kan. 708, 421 P. 2d 194; *State v. Addington*, 205 Kan. 640, 472 P. 2d 225; *Young v. State*, 206 Kan. 318, 478 P. 2d 194; and *State v. Theus*, 207 Kan. 571, 485 P. 2d 1327.)

The appellant next contends there was insufficient evidence presented at the trial to support the jury's verdict.

The appellant argues primarily that the evidence was insufficient to establish the value of the property taken to be $50 or more.

The owner of the property, Mr. Robert Knox, testified the calves taken included a black white-faced heifer calf, two Hereford bull calves, a Veach saddle and a Buck Steiner saddle. He further described the calves as weighing between 100 to 110 pounds and estimated their value to be somewhere around $50 apiece. He estimated the saddles to be worth $75 apiece.

It has long been established that value testimony of the owner

whose property was taken is competent. (*State v. Ireton,* 193 Kan. 206, 392 P. 2d 883, and cases cited therein.)

The only purpose of proving value in a case such as this is to distinguish between the two crimes, grand larceny and petty larceny, and if the evidence showed an actual or market value of more than $50 *for all of the articles proved to have been taken,* the crime would be grand larceny. (*State v. Handler,* 142 Kan. 455, 50 P. 2d 977.)

It is, the function of the jury, not of an appellate court, to weigh the evidence and pass upon the credibility of the witnesses; and a verdict based on substantial competent evidence will not be disturbed on appellate review. (*State v. Theus,* supra, and cases cited therein.)

An examination of the record shows substantial competent evidence to support the jury's verdict that the appellant was guilty of grand larceny.

Other points asserted by the appellant in the record on appeal have not been briefed and are therefore deemed to have been abandoned.

The judgment of the lower court is affirmed.