No. 47,298

State of Kansas, *Appellee,* v. John A. Maier, Jr., *Appellant.*

(520 P. 2d 1258)

Opinion filed April 6, 1974.

*John B. Markham,* of Parsons, was on the brief for the appellant.

*Vern Miller,* attorney general, and *Daniel L. Brewster,* county attorney, were on the brief for the appellee.

The opinion of the court was delivered by

Harman, C.: John A. Maier, Jr., was convicted by a jury of theft of property valued at more than fifty dollars. His posttrial motions were overruled, he was sentenced and now appeals.

The type of larceny upon which appellant stands convicted is that defined in K. S. A. 1973 Supp. 21-3701, as follows:

*"Theft.* Theft is any of the following acts done with intent to deprive the owner permanently of the possession, use or benefit of his property:

. . . . . . . . . . . . .

"(*d*) Obtaining control over stolen property knowing the property to have been stolen by another."

K. S. A. 1973 Supp. 21-3110 contains this further definition:

"(12) 'Obtains or exerts control' over property includes but is not limited to, the taking, carrying away, or the sale, conveyance, or transfer of title to, interest in, or possession of property."

The foregoing define that which was known under our old crimes act as receiving stolen property (K. S. A. 21-549).

The single specification of error presented and briefed by appellant is that the evidence is insufficient to support the verdict of guilt and the judgment of conviction. Summarization of that evidence demonstrates the contrary.

The property stolen consisted of several color television sets and two stereo record players owned by Charles Thomas, an appliance dealer in Altamont, Kansas.

During the early morning hours of December 27, 1971, two men, Donald J. Reeve and Roger Sonntag, broke into the Thomas business building at Altamont and removed the items in question. They transported them in a van to a house in Parsons which appellant was sharing with John Lane, a captain on duty with the army reserve in Parsons. A day or two before the theft appellant had told Sonntag that if Sonntag ever had any stolen goods he would "fence the job", meaning he would find persons to buy the merchandise. Reeve and Sonntag informed appellant they had some television sets which they had stolen from the Thomas Implement Company. Appellant told them to bring the sets inside. The pair left the stolen articles in the house with appellant. The following day appellant sold one of the television sets in Parsons and as a result gave each of the two $25.00. Thereafter appellant sold two more television sets and gave Sonntag $45.00. Reeve asked for more money but appellant replied he didn't have any more. Sonntag later removed some of the TV sets from the house.

Reeve and Sonntag each pled guilty to the theft of the articles in question. One received probation and the other was committed to the reformatory. Both testified against appellant. Other state witnesses included the owner of the purloined property, Captain Lane and the two persons who had bought the three TV sets from appellant. Lane testified that upon his return to the house shared with appellant two TV sets were there. When quizzed about them, appellant said they weren't Lane's concern. Lane told appellant to remove them before morning. The next morning the sets were gone. Appellant had previously told Lane to discount any rumors he might hear about stolen television sets. Documentary evidence supported the incriminating sales by appellant and the requisite value of the stolen property was sufficiently established.

Appellant took the witness stand in his own behalf. He admitted that Reeve and Sonntag brought the TV sets to the house he was sharing with Lane. He asserted the pair stated the sets were for Lane, who was not then in Parsons. He denied being told or knowing they were stolen. He admitted selling the sets, saying he did so because he owed money to Lane, which money Lane needed.

In short, there was a mass of direct evidence of appellant's guilt. Essentially appellant's assertion of insufficiency of evidence amounts to no more than an attack on the credibility of the witnesses against him. Obviously, the jury rejected appellant's version of events and his effort to shift responsibility for the possession and sales of the stolen property to his fellow tenant, as it was entitled to do. In *State v. Smith*, 209 Kan. 664, 498 P. 2d 78, this court stated:

"It is the function of the jury, not of an appellate court, to weigh the evidence and pass upon the credibility of the witnesses; and a verdict based on substantial competent evidence will not be disturbed on appellate review." (p. 666.)

The judgment is affirmed.

APPROVED BY THE COURT.