STATE OF CONNECTICUT *v.* GEORGE R. LARKO, JR.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CR 13-12860

Argued February 1—decided March 26, 1971

*Phillip N. Armentano,* public defender, for the appellant (defendant).

*Charles M. Parakilas,* prosecuting attorney, for the appellee (state).

DEARINGTON, J. The information charged the defendant, in the first count, with the crime of possession of a controlled drug other than a narcotic drug, in violation of § 19-481 (b) of the General Statutes, and, in the second count, with transportation of a controlled drug other than a narcotic drug with intent to sell or dispense it in violation of § 19-480 (b). The defendant was found guilty on each count and has appealed. The case was submitted on briefs as stipulated by the parties. The defendant has assigned error in the denial of his motion to suppress, in rulings on evidence, and in the court's conclusion that upon all the evidence the defendant was guilty beyond a reasonable doubt.

A preliminary hearing was conducted *(Membrino, J.)* on the motion to suppress, and the court's finding, not under attack, recites the following facts: On February 18, 1970, James Fitzgerald was a ticket agent for American Airlines at Bradley Field. As such, he had authority to open and search any unclaimed bag to determine the ownership thereof. On the morning of February 18, a brown traveling bag with a claim ticket attached arrived at Bradley

Field. The bag, while closed with two latches, was not locked. The attached claim ticket did not indicate the owner. Fitzgerald first saw the bag at 12:50 p.m. in the baggage room where unclaimed baggage was stored. At that time he opened the bag solely for the purpose of ascertaining the owner's identity in accordance with the policy of the airline. Upon opening the bag, he observed some wearing apparel, a small plastic bag containing pills, and a parcel wrapped in green paper. The parcel was loosely wrapped; part of its contents were in the open and loose in the bag, and a peculiar odor emanated from the parcel. Fitzgerald believed that the parcel contained marihuana. He closed the bag and called his supervisor, who in turn notified Captain Stanley Krupa of the airport police. Krupa went to the American Airlines operation office and examined the contents of the bag. After examining the bag, he requested that it be held until he could have the contents of the parcel analyzed to determine their nature. Pursuant to a call by Krupa, Officer Fuller of the Windsor Locks police department arrived, made field tests, and ordered the bag to be kept in custody. He subsequently applied for a search warrant, which was issued, and the bag and its contents were seized by the Windsor Locks police at 11:30 p.m. on February 18, 1970.

The defendant's motion to suppress was denied, the court having concluded as follows: Fitzgerald was not acting under the authority of the police when he made a search of the bag, and his search was not proscribed by either the federal or the state constitution. The search by Krupa was made without a warrant and disclosed nothing in addition to that found by Fitzgerald. At all times, American Airlines was obligated to deliver the bag to the claimant thereof on presentation of the proper claim check. The search made by Fuller was reasonable

and involved no constitutional violation. The search warrant was lawfully issued on a basis of probable cause.

We first consider the defendant's contention that the search and the seizure of the contents of the bag were unconstitutional. There appears to have been three searches in addition to that of Fitzgerald; the defendant, however, has depended on Krupa's search as being the critical search. As for the initial search as such, the defendant in his supplemental brief has conceded that it was not proscribed by the United States constitution.

In his motion to suppress, the defendant sought to suppress "any and all evidence seized as a result of a search of a certain traveling bag." He concedes that Fitzgerald's actions did not fall within the penumbra of the fourth amendment. They were not of an exploratory nature made for the purpose of uncovering evidence. Fitzgerald believed, from his observation of the contents of the parcel which he saw on opening the bag and from the peculiar odor emanating from the parcel, that it contained marihuana. Marihuana is a controlled drug as defined by § 19-451 of the General Statutes, and its possession constitutes a crime under § 19-481 (b). Krupa arrived on request of the airline. The finding merely recites that Krupa examined the contents of the bag. It does not appear that a search, as the term is commonly understood, took place. The word "examine" has been defined "to look at or into critically or methodically in order to find out the facts." Webster, New World Dictionary (College Ed.). There is no finding that Krupa seized any object in the bag. A motion to suppress contemplates both a search and a seizure, since the fourth amendment to the federal constitution provides for the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and

seizures." As there was no seizure, there was no evidence to suppress. Krupa called Fuller, who appeared and made a field test of the substance in the bag to determine its nature. There is no recital in the finding indicating how the test was conducted or its results. In any event, the finding does not indicate that any evidence was seized by Fuller. We are unable to determine from the motion to suppress, the finding, or the claims of proof of the defendant what evidence he was attempting to suppress. It does not appear that the court made any ruling on evidence. Since no evidence was offered by the state to which the motion would attach, the motion was properly denied.

The defendant has assigned one remaining error relating to the preliminary hearing on the motion to suppress. He claims that the finding does not support the court's conclusion that there was danger "of imminent destruction, removal or concealment" of the bag and its contents if they were delivered to a claimant before a search warrant could be obtained. We are not called on to determine whether American Airlines could have properly refused delivery of the bag to a claimant prior to the obtaining by the police of a search and seizure warrant, for that situation did not arise. The bag was seized while it was in the possession of the defendant, and the police were then armed with a search warrant. It is significant that the search and seizure warrant is not under attack.

The defendant has relied heavily on two cases, *People* v. *McGrew,* 1 Cal. 3d 404, and *Abt* v. *Superior Court,* 1 Cal. 3d 418. In *McGrew,* an airline freight agent became suspicious of a locked foot locker delivered to him for shipment and, believing it contained marihuana, he pried the locker open and discovered marihuana. The police were notified and appeared, opened the then closed locker and removed

the marihuana, replacing it with ballast. A similar foot locker shipped by the accused through another airline was opened and found to contain marihuana. Both searches and seizures were warrantless. Shortly afterwards, the accused was arrested. He entered a plea of not guilty and was successful in suppressing the contraband. On appeal by the state, the court, in affirming the action of the trial court, held that even though there may be probable cause to believe a search will reveal contraband, there must be a search warrant to justify the search, absent an emergency for a search not incident to a valid arrest. The court said (p. 409) : "The exceptions to the requirement of a search warrant, aside from searches incident to an arrest, are where there is a danger of ' "imminent destruction, removal, or concealment of the property intended to be seized" ' or where the evidence is in plain sight, which 'is, in fact, no search for evidence.' " The *Abt* case involved nearly identical circumstances, and the result was the same. Both cases differ from the instant case in several respects. First, in the cited cases marihuana was seized by warrantless searches. Second, the lockers had been delivered for general shipment and properly could have been held by the airline for a later shipment so as to afford time within which a search warrant could be obtained. In our case, the bag had reached its point of destination and, as the court found, American Airlines was obligated to deliver the bag if it was demanded by a claimant. The claimant could have appeared at any time and demanded delivery; that is, removal was imminent. The question of imminency, however, is not controlling in our disposition of the case. Third, each warrantless search was made solely for the purpose of discovering marihuana.

During the course of the trial, the defendant took two exceptions to rulings on evidence. The first

ruling came after he had stipulated that the material in the parcel found in the bag was, as indicated by the state toxicological report, marihuana and that the pills were LSD (d-lysergic acid diethylamide tartrate 25). The defendant objected to the reception of the report on the same ground as that raised in his motion to suppress, stating that he wished to preserve his rights, and the court informed him that his rights were protected. This ruling requires no additional discussion, for it has been previously reviewed. It perhaps should be noted, however, that the toxicological report was based on an analysis of material seized under authority of the search and seizure warrant.

At the close of Krupa's testimony the defendant objected to it, claiming that it was the product of an illegal search and seizure. There was no motion to strike the testimony. Since, however, we have found that Krupa made no seizure, we merely note that no error was committed by the court in its ruling.

The defendant claims that his guilt beyond a reasonable doubt on each count was not established by the evidence. A search and seizure warrant was obtained during the late afternoon or early evening of February 18. Later, the defendant appeared at the baggage window with a claim ticket, and the bag was delivered to him. He was then approached by the officers, who informed him that they had a search warrant. The bag, admitted by the defendant to be his, was then searched, the contraband found and the defendant arrested. The toxicological report indicated that the parcel contained a brick of marihuana weighing one pound and that the plastic bag contained seventy-two LSD pills. The defendant testified that he did not know how the material got into his bag. It thus became a question of credibility, the determination of which was a function of the

court. *State* v. *Kreske,* 130 Conn. 558, 562. We cannot hold that the trial court was unwarranted in concluding on all the evidence that the state had proved the defendant guilty of a violation of § 19-481 (b) beyond a reasonable doubt.

The defendant further claims that the evidence does not establish guilt beyond a reasonable doubt as it relates to the second count. Section 19-480 (b) provides that "[a]ny person who manufactures, sells, prescribes, dispenses, compounds, transports with intent to sell or dispense, . . . offers, gives or administers to another person any controlled drug other than a narcotic drug . . . , except as authorized in this chapter," shall be punished. There was no direct evidence that any of the prohibitions set forth in the statute had been violated, nor was there any evidence of the value of the drugs seized or of the significance of the amount seized in relation to the prohibitions. To warrant a conviction, there must be no reasonable doubt as to any essential element of the crime charged. *State* v. *Smith,* 138 Conn. 196, 201. "The court was entitled to draw all fair and reasonable inferences from the facts established by the evidence, but the conclusions based on them must not be the result of speculation and conjecture." *State* v. *DeCoster,* 147 Conn. 502, 504. "Our law is settled that the proof of guilt must exclude, not every possible, but every reasonable supposition of the innocence of the accused." Id., 505. In the present case, the evidence, as it relates to the second count, does not exclude every reasonable supposition of the innocence of the defendant. It would be reasonable to conclude that the defendant possessed the drugs for his own consumption. In concluding otherwise, the court invaded the realm of speculation and conjecture.

There is no error as to the first count; there is error as to the second count, the judgment is set

aside and the case is remanded with direction to modify the judgment as to the second count to adjudge the defendant not guilty on the second count.

In this opinion KINMONTH, J., concurred.

JACOBS, J. (concurring). The motion sought the suppression of "any and all evidence seized as a result of a search of a certain traveling bag allegedly belonging to the defendant." General Statutes § 54-33f expressly provides for a motion to suppress, which "is analogous to the federal practice under Rule 41 (e) of the Federal Rules of Criminal Procedure." *State* v. *Mariano,* 152 Conn. 85, 90, cert. denied, 380 U.S. 943. Under our statute, a person aggrieved by an unlawful search and seizure may move for restoration of the property and suppression of its use as evidence. In the present case, a schedule of the property or articles sought to be suppressed was not annexed to the motion.

In *O'Neal* v. *United States,* 222 F.2d 411, 412, the accused was convicted of a violation of a narcotics statute. Prior to trial, she filed a written motion "that the evidence taken from her at the time of her arrest be suppressed at the trial herein, as the arrest was illegal, and the subsequent search of her premises was in violation of her Constitutional rights." The property or articles which the accused desired to have suppressed for use as evidence were not enumerated or described in the motion, nor were they specifically identified at the evidential hearing on the motion. The court held: "The motion was therefore insufficient and need not have been considered." In *United States* v. *Carney,* 188 F. Sup. 86, the accused moved to suppress any and all evidence obtained through wiretapping. The court held (p. 88) : "It is well settled that a party moving for suppression of evidence must state definitely what particular . . . [articles or items] he desires sup-

pressed. An allegation to suppress all illegally obtained evidence is insufficient." See *United States* v. *Russo,* 155 F. Sup. 251, 254; *United States* v. *Frankfeld,* 100 F. Sup. 934, 936. For the proper form of a motion to suppress, see 3 Nichols, Cyc. of Federal Procedure Forms § 131.17, p. 323; 4A Bender, Federal Practice Forms, No. 4604; 11 Cyc. of Federal Procedure (3d Ed. Rev. 1963) § 44.50, p. 592.

Moreover, it cannot be said that the airline employee initiated the search solely to serve the purposes of the state. Cf. *Corngold* v. *United States,* 367 F.2d 1, 5. Quite to the contrary, the initial search of the traveling bag by the airline employee "was an independent investigation by the carrier for its own purposes." *Gold* v. *United States,* 378 F.2d 588, 591. This investigation was nothing more than a carrier inspection in the furtherance of the private interests of the airline. The drugs were "clearly discovered as a result of a private search which was, hence, not unlawful. . . . The subsequent acts of the police did not constitute a search." *Clayton* v. *United States,* 413 F.2d 297, 298.

For the foregoing reasons, therefore, I am of the opinion that the motion to suppress was properly denied.