(603 P.2d 638)

No. 50,274

STATE OF KANSAS, *Appellee*, v. TYRONE P. SMITH, *Appellant*.

Opinion filed December 7, 1979.

*Stephen M. Joseph,* of Glover, Joseph and Bergman, of Wichita, for the appellant.

*Douglas R. Roth,* assistant district attorney, *Robert T. Stephan,* attorney general, and *Vern Miller,* district attorney, for the appellee.

Before FOTH, C.J., PARKS and MEYER, JJ.

FOTH, C.J.: Defendant was convicted by a jury of possession of marijuana with intent to sell. K.S.A. 1978 Supp. 65-4127b(*b*). On appeal he contends the evidence was insufficient to establish his intent to sell.

Intent, like any element of a crime, may be shown by acts, circumstances and inferences deducible therefrom. *State v. Faulkner,* 220 Kan. 153, Syl. ¶ 13, 551 P.2d 1247 (1976); *State v. Evans,* 219 Kan. 515, 519-20, 548 P.2d 772 (1976). The standard for appellate review where the sufficiency of the evidence is challenged has recently been reformulated in *State v. Voiles,* 226 Kan. 469, Syl. ¶ 6, 601 P.2d 1121 (1979):

"In a criminal action where the defendant contends the evidence at trial was insufficient to sustain a conviction, the standard of review on appeal is: Does the evidence when viewed in the light most favorable to the prosecution convince the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt? Following *Jackson v. Virginia,* 443 U.S. 307, 61 L.Ed.2d 560, 99 S.Ct. 2781 (1979)."

The State's evidence in this case showed that defendant was arrested after officers observed him place a brown paper bag in his car. When approached by the officers as he walked away from the car, defendant first attempted to swallow and then threw away a clear plastic bag containing white powder. That bag was never found, but one of the officers opined from his brief view of it that it contained either heroin or cocaine.

The brown bag in the car proved to contain approximately one pound of marijuana. It was in brick form, and was one-half of the customary two-pound or one kilogram brick. The primary testimony relied on to show that defendant intended to sell the marijuana was given by Detective Jack Henderson, a Wichita detective who had been assigned to narcotics for 3½ years, part of that time as an undercover agent. His testimony was: (1) When he was making an undercover buy of a one-pound brick his cover story would be that he needed it to sell, not that it was for

personal use. (2) The one-pound brick of marijuana was worth $90 to $150, depending on quality. (3) One pound could be broken down into 18 to 20 "one ounce" packages or bags which could be resold for $10 to $15 each. (4) The largest supply he had ever observed being held for personal use was two ounces; he had never seen anyone with a one-pound brick for personal use.

As to the kind of proof which might demonstrate an intent to sell narcotics, in *State v. Faulkner,* 220 Kan. at 160-1, the Court quoted approvingly from 28 C.J.S., Drugs and Narcotics Supplement § 211:

"In order to sustain a conviction for possession of narcotics or dangerous drugs for purpose of sale, there must be sufficient proof of possession of such drugs, and proof that the possession was for the purpose of sale. Such proof may be circumstantial and may consist of evidence as to quantity of the narcotic, equipment found with it, place it was found, manner of packaging, and opinion of experts that the narcotic was packaged for sale."

As may be seen, the State's evidence upon which it must rely here is essentially limited to the quantity of marijuana and its packaging in brick form. Of the other three elements referred to in *Faulkner* there is no evidence: there was no narcotics equipment found with the marijuana; the car in which it was found does not suggest a selling operation; and there was no expert opinion that it was packaged for sale. We do not believe a rational factfinder could, from the two elements present here, conclude beyond a reasonable doubt that defendant intended to sell the marijuana.

As to the quantity, there was no evidence as to the amount reasonably necessary to satisfy the personal desires of a consumer. We are not prepared to say that one pound is a little or a lot for defendant's personal use, and cannot believe the jury was any better equipped to make this determination than are we. See *People v. Steed,* 189 Colo. 212, 216, 540 P.2d 323 (1975) (7.9 ounces in 14 bags); *State v. Larko,* 6 Conn. Cir. Ct. 564, 571, 280 A.2d 153 (1971) (one pound in brick form); *Redden v. State,* 281 A.2d 490, 491 (Del. 1971) (12 ounces in three envelopes; 29 small bags; 2 cigarettes). And *cf. State v. Boyd,* 224 N.W.2d 609, 612-13 (Iowa 1974) (33 pounds in 2-pound bricks insufficient standing alone, but sufficient when coupled with two sets of scales and expert testimony that 2-pound bricks are customary packages for sale).

In its brief the State implicitly concedes that the quantity alone was insufficient to establish an intent to sell, saying it "is not

necessary to address appellant's position" on that issue. Instead the State points to what it contends are other circumstances showing intent. Its primary emphasis is necessarily on the brick form.

However, the evidence as to packaging was as ambiguous as the evidence of quantity. Had the pound been broken into ounce bags or cigarettes, it could as well or better be argued that it was packaged for retail sale. As it was, it was possessed in bulk. It *could* have been sold in that form, but then so could it have been sold in any other form. Detective Henderson's testimony added little if anything to this element of the State's case. He had purchased marijuana by the handful, by the brick, by the bag, and by the cigarette. One could only conclude from his testimony that the form in which marijuana is possessed (*i.e.,* how it is packaged) has nothing to do with whether it is for sale. Further, while he had never *observed* more than two ounces held for personal use, his testimony did not establish, either by expert opinion or otherwise, that one owning more must necessarily or even probably own it for resale. His testimony related his personal experiences as a narcotics investigator and drew no conclusions as an expert.

The State also relies on the value of the marijuana in the light of what it characterizes as defendant's "poor financial position." The only evidence on the latter element was defendant's testimony that at the time of his arrest he was renting a house owned by his father, that he was remodeling it, and that his father was deducting the value of his work "out of my rent until I was able to pay him." The State argues that this statement shows a need for money and supplies a motive for defendant to enter the marijuana trade. Without laboring the point, we think the State attempts to make too much out of this fragment of testimony. There is no other evidence of a "poor financial position," and none which would suggest a motive to sell as opposed to a motive to save by making a quantity purchase.

We conclude that to find an intent to sell the jury could only have indulged in pure speculation rather than drawing reasonable inferences from the evidence.

Possession, however, is unchallenged, and simple possession of marijuana under subsection (*a*) of K.S.A. 1978 Supp. 65-4127b is a lesser included offense of possession with intent to sell under

subsection (*b*) of that statute. *State v. Woods,* 214 Kan. 739, 746, 522 P.2d 967 (1974); *State v. Culbertson,* 214 Kan. 884, 522 P.2d 391 (1974). The appropriate remedy where a defendant has been convicted of a higher offense but the evidence supports only a lesser included offense is to sentence the defendant for the lesser offense. *State v. Moss,* 221 Kan. 47, 557 P.2d 1292 (1976); *State v. Smith,* 215 Kan. 865, 528 P.2d 1195 (1974); *State v. Towner,* 202 Kan. 25, 446 P.2d 719 (1968).

The conviction is reversed, the sentence is vacated, and the case is remanded with directions to enter a new judgment convicting defendant of simple possession of marijuana and imposing a new sentence for that offense.