(115 P.3d 176)

No. 92,133

STATE OF KANSAS, *Appellee*, v. ANDREW B. UDELL, *Appellant*.

Opinion filed July 22, 2005.

*Joseph L. Dioszeghy*, of Olathe, and *Kevin K. Stephenson*, of Lees Summit, Missouri, for appellant.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before ELLIOTT, P.J., MARQUARDT and McANANY, JJ.

ELLIOTT, J.: Andrew B. Udell appeals his convictions of possession of marijuana with intent to sell and of possession of psilocin. We affirm.

Detectives Tony Woolen and Lisa Connell went to Udell's home in Leawood to investigate a report of a minor who had suffered alcohol poisoning at a party there the previous weekend. The only person present at the home was Udell's mother, Esther, who told the officers she and her husband had been in Arizona when the

party had allegedly occurred and agreed to let the officers search the basement.

Mrs. Udell accompanied the officers as they found empty beer bottles and cans in the basement; she was angry that a party had apparently occurred while she was out of town, as her 18-year-old son Andrew did not have permission to have parties or alcohol at the residence.

Mrs. Udell tried to call her son but could not get a dial tone on the home phone line. She used Detective Woolen's cell phone to contact her son. She then passed that phone to Woolen, and the two discussed Udell's involvement with the party. Woolen did not ask for permission to search Udell's room.

Following the conversation, Woolen and Mrs. Udell walked through various rooms of the house searching for the phone problem. During this "search," they entered Udell's bedroom; Mrs. Udell searched for a phone, and Woolen did not observe any illegal evidence in plain view. The two eventually discovered the source of the phone problem in the den.

Mrs. Udell then called her husband who was out of town. Woolen got on the phone and asked Mr. Udell for permission to search his son's bedroom for additional items from the party (Woolen had received information the minor who suffered alcohol poisoning had a bottle of gin at the party and none had been found in the basement). Mr. Udell responded he and Mrs. Udell would help out in any way they could.

When Udell returned home, Woolen asked him if there were any illegal items in his bedroom. Udell hesitated and Woolen said they were going to search the room anyway as he had received consent from both parents. Udell responded there was marijuana in his room.

A search of the bedroom yielded a green vegetative substance, a small box of seeds and stems, three digital scales, a postal scale, a plastic bag containing $625 in cash, and two boxes of sandwich baggies. Lab tests revealed 22.7 grams of marijuana and 1.3 grams of psilocin.

When Udell's motion to suppress all evidence found in his bedroom and all statements he made with reference to those items was denied, the case proceeded to a bench trial on stipulated facts.

Udell first argues the trial court erred in denying his motion to suppress, arguing his parents lacked actual or apparent authority to consent to the search of his bedroom. Our review is as stated in *State v. Vandervort*, 276 Kan. 164, 169, 72 P.3d 925 (2003). Although we do not reweigh the evidence, the ultimate determination of suppression is a legal question requiring our independent determination. See *State v. Mendez*, 275 Kan. 412, 416, 66 P.3d 811 (2003).

This was a warrantless search which is normally per se unreasonable; consent, however, is an exception. *State v. Boyd*, 275 Kan. 271, 273, 64 P.3d 419 (2003).

A warrantless search may be justified by consent "from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." *United States v. Matlock*, 415 U.S. 164, 171, 39 L. Ed. 2d 242, 94 S. Ct. 988 (1974). We adopted the *Matlock* rule in *State v. Ratley*, 16 Kan. App. 2d 589, 591, 827 P.2d 78 (1992), holding that "Kansas adopts the 'apparent authority' rule, which makes valid a consent to search when the facts available to an officer would warrant a person of reasonable caution to believe the consenting party had authority over the premises to be searched." 16 Kan. App. 2d at 595.

Since it is undisputed Udell's parents consented to the search of his bedroom, we must decide whether they had sufficient authority to do so.

Here, the trial court relied heavily on *United States v. Rith*, 164 F.3d 1323 (10th Cir.), *cert. denied* 528 U.S. 827 (1999), in denying his motion to suppress. *Rith* also involved an 18-year-old son. On appeal, Rith argued evidence seized during the search should have been suppressed because he revoked his parents' consent to search and the evidence failed to show the parents had authority to consent to a search of his bedroom.

The Tenth Circuit Court of Appeals ruled Rith's parents had authority to consent to a search of his bedroom: a "third party has authority to consent to a search of property if that third party has either (1) mutual use of the property by virtue of joint access, or (2) control for most purposes over it." 164 F.3d at 1329.

Ultimately, the *Rith* court concluded Rith's parents had control for most purposes over the property, stating:

"Rith lived with his parents and was not paying rent. Although Rith was eighteen years old, these facts raise a presumption of control for most purposes by Rith's parents over the entire home and thus they could have accessed Rith's room without his consent. There is no evidence to rebut this presumption: no lock on Rith's bedroom door; no agreement with Rith's parents that they not enter his room without his consent; no payment of rent." 164 F.3d at 1331.

As a result, the *Rith* court held Rith's parents had actual authority to consent to the search of their son's bedroom. 164 F.3d at 1331.

In the present case, the trial court found the parents had mutual use of the property by virtue of joint access based on the fact Mrs. Udell did not hesitate to enter Udell's bedroom with Detective Woolen during their search for the phone problem. Therefore, the trial court found Udell's parents had joint access to the room and could enter the room at will, without his consent. Because the trial court found Udell's parents had actual authority to consent to the search, it declined to address the issue of apparent authority.

And finally, the trial court held Udell's attempted revocation of his parents' consent failed because his parents possessed a common authority over Udell's bedroom and had the right to permit the search in their own right.

Udell's reliance on *State v. Tonroy*, 32 Kan. App. 2d 920, 92 P.3d 1116 (2004), is misplaced. The *Tonroy* court ruled a tenant of a rental unit lacked apparent authority to consent to the search of a guest's jacket because the officer could not have reasonably believed the tenant had common authority over defendant's jacket. 32 Kan. App. 2d at 925.

*Tonroy* is distinguishable due to the relationship of the parties involved. *Tonroy* involved a tenant/guest relationship while the present case involves a parent/child relationship. Here, there was no evidence the parents could not enter their son's bedroom without consent. To the contrary, Mrs. Udell did not hesitate to enter her son's bedroom in her search for the phone problem.

Further, a parent/child relationship gives rise to a presumption of control of property. *Rith*, 164 F.3d at 1330. The *Rith* court noted

evidence which would tend to rebut that presumption included the child's payment of rent, a lock on the bedroom door, or an implicit or explicit agreement the parents never enter a particular area. 164 F.3d at 1331.

Here, Udell did not rebut the presumption his parents had control over his bedroom. He did not pay rent. His bedroom was not locked. And while the parents testified they did not clean their son's room, his door was always kept shut, and they always knocked before entering his room, this fails to constitute evidence of an agreement between the parties they would not enter his room without consent. There was substantial competent evidence to support the trial court's finding Udell's parents had actual authority to consent to the search of his bedroom.

Having determined the parents had the actual authority to consent to the search of Udell's room, we need not address the merits of his apparent authority agreement.

Udell also contends there is insufficient evidence to support his conviction of possession of marijuana with intent to sell. Udell acknowledges he possessed marijuana; he argues the evidence was simply insufficient to support a conviction for possession with intent to sell. To affirm, we must, after review of all the evidence, viewed in the light most favorable to the State, be convinced a rational factfinder could have found Udell guilty beyond a reasonable doubt. *State v. Mays*, 277 Kan. 359, 377, 85 P.3d 1208 (2004).

Proof of an intent to sell may consist of several factors, see *State v. Smith*, 4 Kan. App. 2d 149, 151, 603 P.2d 638 (1979), and may be proved by circumstantial evidence. See *State v. Anthony*, 242 Kan. 493, 502, 749 P.2d 37 (1988). Here, during the search of Udell's bedroom, Detective Connell found 22.7 grams of marijuana in brick form, three digital scales, a postal scale, a bag containing $625 in cash, and two boxes of sandwich baggies.

Detective Woolen opined the marijuana was not possessed for personal use, stating he had never known anyone consuming marijuana for personal use to weigh it prior to consumption. The State presented adequate evidence to support an intent to sell. The presence of scales and sandwich baggies, combined with Detective

Woolen's opinion the marijuana was not for personal use, suggests the drug was being measured and packaged for sale.

This evidence, when viewed in the light most favorable to the State, was sufficient to support Udell's conviction of possession with intent to sell beyond a reasonable doubt.

Affirmed.