(146 P.3d 1096)
No. 95,008

STATE OF KANSAS, *Appellee,* v. SHANNON BEDELL, *Appellant.*

Opinion filed November 22, 2006.

*Heather Cessna,* of Kansas Appellate Defender Office, for appellant.

*Tony Cruz,* assistant county attorney, and *Phill Kline,* attorney general, for appellee.

Before MARQUARDT, P.J., MALONE and CAPLINGER, JJ.

MARQUARDT, J.: Shannon Bedell appeals his convictions and sentences for possession of cocaine with intent to sell, no drug tax stamp, and possession of marijuana. We affirm in part, reverse in part, and remand with directions.

In October 2004, Officer Eric Coffman observed a vehicle with Shawnee County license plates parked at a filling station in Junction City, Kansas. Officer Coffman ran the vehicle's plates and found there was a warrant for the arrest of the vehicle's owner. The description of the owner matched that of a man using the nearby pay telephone, who identified himself as Shannon Bedell. Officer Coffman placed him under arrest. Officer Coffman patted Bedell down and discovered three sandwich baggies in his pants' pocket. The Kansas Bureau of Investigation's lab report indicated that the substance in one of the bags was marijuana and the substance in the other two bags was crack cocaine. The total weight of the cocaine was 6.68 grams. Officer Coffman did not discover any drug paraphernalia on Bedell's person or in his car. Bedell was charged with possession of cocaine with intent to sell, no drug tax stamp, and possession of marijuana with intent to sell. Prior to trial, the charge of possession with intent to sell marijuana was decreased to a charge of simple possession of marijuana.

The trial court conducted two trials in this case. At both trials, Bedell did not contest his possession of cocaine; rather, he challenged his intent to sell. The State argued that the large amount of crack cocaine, lack of paraphernalia to consume the drug, and evidence of user habits in the area supported the intent to sell charge.

Officer Coffman testified at both trials as the State's only witness. Officer Coffman, a deputy with the Geary County Sheriff's Office, worked for the Drug Operations Group. He received more than 500 hours of narcotic investigation training and on numerous occasions has worked with informants and drug dealers in the Junction City area. Officer Coffman testified that crack cocaine in Junction City is usually sold in units the size of a pencil eraser called "rocks" that weigh approximately $\frac{1}{10}$ of a gram each. Crack cocaine sells for $10-$20 per rock, though the price decreases when purchased in bulk. The most crack cocaine Officer Coffman had ever seized from someone for personal consumption was two or three rocks. In contrast, the amount in Bedell's possession could have been divided into about 67 rocks. From his experience, Officer Coffman believed the amount of crack cocaine Bedell possessed was probably not for personal consumption, but rather for sale.

The jury convicted Bedell of failure to have a drug stamp and possession of marijuana but deadlocked as to possession of cocaine with intent to sell. Bedell was subsequently retried on the remaining count of possession of cocaine with intent to sell. During the State's closing argument, the following exchange took place:

"[The State]: The officer testified he had no doubt, based on his training and experience—and we're talking about an officer of almost ten years of experience with close to 500 hours of drug training—that State's Exhibit number 1 was possessed with the intent to sell. Period. And, folks, ask yourselves, have you heard any testimony today—

"[Defense Counsel]: Objection, Your Honor, is he insinuating the defendant should testify?

"[The State]: That was what he was insinuating, Your Honor, not me.

"THE COURT: Well, you've heard my instruction, you are not to consider that in any way."

The jury convicted Bedell of possession of cocaine with intent to sell. Bedell was sentenced to 15 months with the Department

of Corrections. The trial court sentenced him to 6 months on the count of no drug tax stamp and 6 months for possession of marijuana to run concurrent with the primary offense. The trial court also ordered Bedell to reimburse the Board of Indigents' Defense Services (BIDS) for $100 in administrative fees and $1,595 in attorney fees. The journal entry of judgment, however, indicates the trial court sentenced Bedell to 12 months for possession of marijuana rather than 6 months. Bedell timely appeals.

*Sufficiency of the Evidence*

Bedell argues that the State's evidence of the amount of cocaine in Bedell's possession was not sufficient to prove intent to sell beyond a reasonable doubt.

When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Kesselring*, 279 Kan. 671, 679, 112 P.3d 175 (2005). Appellate courts do not reweigh evidence or determine the credibility of witnesses. *State v. Donaldson*, 279 Kan. 694, 701, 112 P.3d 99 (2005).

Bedell argues that the State did not meet its burden of proof as to his intent to sell based solely on the amount of cocaine in his possession. In support of his argument, Bedell cites *State v. Smith*, 4 Kan. App. 2d 149, 151, 603 P.2d 638 (1979), which stated: "We are not prepared to say that one pound is a little or a lot for defendant's personal use, and cannot believe the jury was any better equipped to make this determination than are we." He interprets *Smith* as requiring the State to produce additional evidence to prove that the drugs were for sale rather than personal use.

The State, however, argues that Bedell misinterprets *Smith*. Though the *Smith* court held that 1 pound of marijuana in brick form was not alone sufficient to prove intent to sell, the court based its holding on the fact that "there was no evidence as to the amount reasonably necessary to satisfy the personal desires of a consumer." 4 Kan. App. 2d at 151. In *State v. Heiskell*, 21 Kan. App. 2d 105, 112-13, 896 P.2d 1106 (1995), this court held that where the

amount of marijuana in defendant's possession exceeded the reasonable personal needs of an average marijuana user according to the testimony of an experienced police officer, a rational factfinder could find beyond a reasonable doubt that defendant had possessed marijuana with intent to sell. Accordingly, the State alleges that based on the testimony of Officer Coffman, possession of approximately 67 rocks far exceeded the amount a user would have in his or her possession and was over 20-30 times a usual personal purchase. Therefore, the State contends it has met its burden of proof under both *Heiskell* and *Smith*.

Bedell is correct that all relevant factors should be considered in determining the requisite intent to sell a controlled substance. Proof of possession with intent to sell "may be circumstantial and may consist of evidence as to quantity of the narcotic, equipment found with it, place it was found, manner of packaging, and opinion of experts that the narcotic was packaged for sale. [Citation omitted.]" *State v. Gibson*, 30 Kan. App. 2d 937, 953, 52 P.3d 339, *rev. denied* 274 Kan. 1115 (2002). Bedell fails to acknowledge that the State did present an expert opinion regarding whether the crack cocaine was for sale rather than personal use. The State also demonstrated both the manner in which the drug was packaged and the absence of drug paraphernalia found with it. Though factors other than quantity may or may not have played a decisive role in the jury's deliberations, it is not within the purview of this court to reweigh the evidence. See *Donaldson*, 279 Kan. at 701.

Construing the facts most favorable to the prosecution, the State presented sufficient evidence to allow a reasonable factfinder to believe that Bedell was guilty of possession with intent to sell cocaine beyond a reasonable doubt.

*Prosecutorial Misconduct*

Bedell alleges that the trial court erred by allowing the State to make several inappropriate comments during its closing argument, which amounted to prosecutorial misconduct and violated Bedell's right to a fair trial.

Appellate review of alleged prosecutorial misconduct requires a two-step analysis. First, the appellate court decides whether the

comments were outside the wide latitude that the prosecutor is allowed in discussing the evidence. Second, the appellate court decides whether those comments constitute plain error; that is, whether the statements prejudiced the jury against the defendant and denied the defendant a fair trial. *State v. Swinney*, 280 Kan. 768, 779-80, 127 P.3d 261 (2006). The appellate court considers three factors regarding the second step:

"(1) whether the misconduct is gross and flagrant; (2) whether the misconduct shows ill will on the prosecutor's part; and (3) whether the evidence is of such a direct and overwhelming nature that the misconduct would likely have had little weight in the minds of jurors. None of these three factors is individually controlling. Moreover, the third factor may not override the first two factors, unless the harmless error tests of both K.S.A. 60-261 and *Chapman*, 386 U.S. 18, have been met. [Citations omitted.]" 280 Kan. at 780.

First, Bedell argues that the State improperly used the absence of sale items to indicate the crack cocaine was not for personal use. According to Bedell, defense counsel questioned Officer Coffman during cross-examination regarding the absence of any sale indicators such as baggies, scales, or razor blades. During closing argument, the prosecutor argued that there was no evidence to suggest that Bedell was going to use the cocaine for his personal use. Bedell claims this was an attempt by the State to shift the burden to the defendant to affirmatively prove the cocaine was only for his personal use.

The State responds by arguing that comments referring to the strength of its case are permissible. Furthermore, the State claims it was not trying to shift the burden but rather point out the lack of contradicting evidence.

In *Swinney*, during closing argument, the prosecutor pointed out that no evidence had been presented to controvert the argument that the defendant had knowledge of methamphetamine production. The Supreme Court determined the prosecutor's remarks during trial were not an attempt to shift the burden of proof and did not amount to misconduct. 280 Kan. at 781. The court also relied on the fact that the jury was correctly instructed that the burden of proof rested on the State, a fact which defense counsel also reminded the jury. Furthermore, the court held if the jury has

been instructed that the State bears the burden of proof, a prosecutor may argue inferences based on a lack of evidence, so long as the remarks do not indirectly command an adverse inference regarding the defendant's failure to testify. 280 Kan. at 781.

The State did not attempt to shift the burden of proof to Bedell; it asked the jury to make inferences about the lack of evidence, a permissible tactic. The statements did not constitute error, misconduct, or prejudice the jury against Bedell, thereby denying his right to a fair trial.

Bedell next claims the prosecutor insinuated during closing argument that there was no evidence of Bedell's intent to use the drugs himself rather than sell them because he did not testify at trial. The State challenges this argument contending that the "only error appears to be a single remark, which was based on the admitted evidence."

Bedell's counsel, the State, and the trial court reminded the jury that the State had the burden of proof. The trial court also warned the jury on several occasions that it should not consider Bedell's failure to testify in its deliberations.

Even if the statement made by the prosecutor in closing argument was inappropriate, that comment did not prejudice the jury. The trial court promptly reminded jurors they could not consider Bedell's failure to testify. The prosecutor's comment was not gross and flagrant and did not demonstrate any ill will and had little, if any, effect on the jurors.

## Cumulative Error

Bedell next contends that the various errors in this case had the cumulative effect of denying him a fair trial.

Cumulative trial errors, when considered collectively, may be so great as to require reversal of a defendant's conviction. The test is whether the totality of circumstances substantially prejudiced the defendant and denied the defendant a fair trial. *State v. Plaskett*, 271 Kan. 995, 1022, 27 P.3d 890 (2001).

Bedell argues that these trial errors, even if individually harmless, substantially prejudiced him in their cumulative effect. He points only to the alleged errors discussed above—the prosecutor's

attempt to shift the burden of proof and the comment insinuating Bedell should have testified. In rebuttal, the State claims that the only alleged error was the prosecutor's single remark during closing argument, a remark based on admitted evidence.

From review of the record on appeal, there do not appear to be any errors, harmless or otherwise, that occurred during trial. Bedell presented his defense to the jury that he possessed the crack cocaine for personal use and did not intend to sell it. The jury rejected Bedell's defense. It does not appear reasonably likely that any of the purported errors would have affected the outcome in this case.

*Journal Entry*

Both parties request the case be remanded with directions for the trial court to correct Bedell's sentence on the journal entry to properly reflect the sentence pronounced from the bench.

A sentence is effective when pronounced from the bench; a sentence in a criminal case does not derive its effectiveness from the journal entry. *Love v. State*, 280 Kan. 553, 560, 124 P.3d 32 (2005). A journal entry which imposes a sentence at variance with that pronounced from the bench is erroneous and must be corrected to reflect the actual sentence imposed. *State v. Branning*, 271 Kan. 877, 887, 26 P.3d 673 (2001).

Here, the journal entry of judgment indicates that the trial court sentenced Bedell to 12 months for possession of marijuana. However, the transcript from the sentencing hearing indicates the trial court imposed a sentence of 6 months for the charge of possession of marijuana, to run concurrent to the primary offense. Additionally, the journal entry of judgment reflects a conviction date of March 11, 2005, which is incorrect. Bedell was convicted for possession of marijuana on January 20, 2005. As such, the case is reversed and remanded with directions to the trial court to issue a nunc pro tunc order to correct the sentence and the conviction date on the journal entry.

*Bedell's Financial Assets*

Bedell contends that the trial court improperly ordered him to reimburse BIDS for fees without considering his financial resources.

In the instant case, the trial court, without any evidence at the hearing, ordered Bedell to pay $100 in administrative fees and $1,595 in attorney fees to BIDS. The order was not made from the bench but was included in the journal entry. Because a sentence is only effective when made from the bench, *Love*, 280 Kan. at 560, this part of the sentence on the BIDS fees is reversed. The trial court erred by ordering the BIDS repayment in the journal entry. The State admitted the error at oral argument.

Bedell's convictions are affirmed. We reverse the trial court's order to repay the BIDS fees. We reverse and remand this case to the trial court with directions to issue a nunc pro tunc order to correct the sentence and the conviction date on the journal entry for the possession of marijuana charge.