No. 48,149

STATE OF KANSAS, *Appellee,* v. EUGENE MOSS, *Appellant.*

(557 P. 2d 1292)

Opinion filed December 11, 1976.

*Ira R. Kirkendoll,* Public Defender, argued the cause, and was on the brief for the appellant.

*Randy L. Baird,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Gene M. Olander,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal in a criminal action in which the defendant-appellant, Eugene Moss, was convicted of two counts of burglary (K. S. A. 21-3715), felony theft (K. S. A. 21-3701), and attempted felony theft. Sentences imposed on the two burglary counts and the attempted theft count were ordered to run concurrently. The sentence imposed on the felony theft count was ordered to run consecutively to the other sentences.

The evidence presented at the trial was not greatly in dispute. The residence of Bill Price located in Topeka was burglarized on three consecutive days in December 1974—December 26, 27, and 28. The state relied primarily upon the testimony of Betty Karlyle, a participant in the burglary, who was jointly charged with the defendant. She testified that the burglaries and thefts began on December 26, 1974, the day after Christmas, were repeated on the following two evenings, and that defendant Moss was a participant

and received his share of the loot. The crimes were first discovered by James Codgal, a neighbor of the Prices, on the night of December 26 when he went to the Price residence to feed their dogs. He informed the police of the burglary. On December 28, 1974, the police arrived at the scene while the burglary was in progress and apprehended the burglars, including the defendant Moss. The defendant Moss testified that he had never been to the Price residence prior to December 28 and that he was there on that occasion only for the purpose of using the telephone. He denied any knowledge of the burglaries. The police officers found in his coat pocket a number of coins which were identified as missing from the Price residence. Following conviction by a jury the defendant appealed to this court claiming trial errors.

On this appeal the defendant does not question the sufficiency of the evidence to show that he was guilty of the two burglaries. He attacks only his convictions for felony theft and attempted felony theft on the grounds that there was no competent evidence of value of the property taken introduced at the trial and therefore the case should be reversed and remanded for resentencing on those counts for misdemeanor theft and attempted misdemeanor theft.

On this appeal the defendant relies on *State v. Towner*, 202 Kan. 25, 446 P. 2d 719, which holds in substance that to prove a charge of grand larceny (now felony theft) the state has the burden of proving as an element of the crime that the property taken was of a value of $50 or more. The defendant maintains that there was insufficient evidence to prove the value of the property stolen in the burglary on December 26 or taken during the burglary on December 28. Hence, he argues, he was guilty only of misdemeanor theft on December 26 and attempted misdemeanor theft on December 28. He proposes that the case should be reversed and remanded for resentencing for misdemeanors rather than felonies, as the court did in *State v. Smith*, 215 Kan. 865, 528 P. 2d 1195, in a similar situation. The state takes the position that there was sufficient evidence of value presented at the trial to support the convictions of felony theft and attempted felony theft.

The only evidence of the value of the property taken in the burglaries was state's exhibit No. 13 which was admitted over the defendant's objection. Exhibit No. 13 was a carbon copy of a list prepared by Mr. and Mrs. Price which identified and assigned a value to the property which they found missing from their home

upon their return from out of town. Bill Price testified that after his return he went through the house and listed the items that had been taken and not recovered and that his wife typed up a list of those particular items. A carbon copy of the list was marked and identified as exhibit No. 13. Mr. Price identified the items in the list as those which had been taken from his house and stated that exhibit No. 13 was a carbon copy of the list which he had prepared and which his wife had typed. Counsel for the defendant objected to the admission of exhibit No. 13 into evidence for the reason that the preparation of the list was a joint effort and that proper foundation had not been established for its admission since Mrs. Price had not been called to testify in regard to her actions taken in preparation of the exhibit. We have concluded that exhibit No. 13 as a list prepared by Mr. Price was properly admitted as evidence of the missing items and their values. As an owner of the stolen property Mr. Price was presumed to know its value and therefore could give competent evidence as to its value. (*State v. Inverarity*, 150 Kan. 160, 92 P. 2d 45; *State v. Kirk*, 205 Kan. 681, 472 P. 2d 237.)

For his second point on the appeal the defendant contends that the evidence was insufficient to show what items were taken on December 26 and the value thereof, and therefore a conviction of felony theft arising out of the burglary of December 26 cannot be sustained. We have carefully examined the evidentiary record and have concluded that the defendant's point is without merit. Betty Karlyle testified that the first of the burglaries of the Price home occurred on December 26, 1974. James Codgal, the neighbor, was somewhat confused in his testimony as to when the first burglary occurred. We have concluded, however, from the trial record that the evidence clearly establishes that the first burglary was on December 26. Betty Karlyle testified that, although she could not recall all of the items taken from the Price home on December 26, she did recall that the main things taken were a guitar, a record player, a television set, and a bunch of frozen food. LaRene Price, Mr. Price's mother, testified that she went to the Price home on Friday, December 27, in the afternoon and observed missing from the home a portable television set, a bedspread, towels, and a large clock, items which had been taken the previous evening. When this testimony is considered along with exhibit No. 13 it is clear that property of a value of $50 or more was taken from the Price home during the burglary of December 26. Exhibit No. 13 shows

that the value of the guitar was $125, the bedspread $30, towels $40, and the large clock $175, and record player $99.95. Considered together all of this evidence was sufficient to prove the items of property taken on December 26 and that they were of a value of $50 or more. The conviction of felony theft which occurred on December 26 must, therefore, be upheld on this appeal.

The defendant for his third point maintains that the evidence was not sufficient to sustain a conviction of the charge of attempted theft which occurred on the evening of December 28. We have concluded from a reading of the trial transcript that the defendant's position is correct on this point. All of the items which were removed from the house on December 28 were recovered by the Prices and were not included among the items listed in exhibit No. 13. The state concedes it had no specific evidence of the value of the items taken on December 28. There was evidence that at the time of the defendant's arrest at the Price residence he had in his possession certain coins, that an IBM typewriter was sitting on the porch, and also that a radio transmitter, a camera case, and clothing belonging to the Price family were found in the trunk of a car located about one-half block from the Price residence. The state argues that the jury could use the knowledge of the community in determining the value of these items. We do not agree with the state's position. We rejected a similar argument in *State v. Towner*, supra, where the prosecution took the position that in the absence of evidence of value the jury could infer the value of a second-hand automobile to be $50 or more. The burden was upon the state to prove that the value of the property taken was $50 or more. In our judgment there was a failure of proof in this regard. The evidence was sufficient to support a conviction for the lesser included offense of attempted misdemeanor theft but was not sufficient to support a conviction of attempted felony theft. That part of the judgment convicting and sentencing the defendant for the crime of attempted felony theft is reversed and the sentence is set aside. The case is remanded to the district court with directions to recall the defendant for resentencing for a class C misdemeanor conviction for attempted theft in accordance with the provisions of K. S. A. 21-3301. In all other respects the judgment of the district court is affirmed.

IT IS SO ORDERED.