NOT DESIGNATED FOR PUBLICATION

No. 113,669

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

XAVIER HUTCHERSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed May 20, 2016. Affirmed in part, reversed in part, and remanded with directions.

*Kristen B. Patty*, of Wichita, for appellant.

*Laura L. Miser*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, C.J., BUSER and BRUNS, JJ.


*Per Curiam*:  After a bench trial, Xavier Hutcherson was convicted of possession of marijuana with intent to distribute, possession of methamphetamine with intent to distribute, felony battery of a law enforcement officer, and felony interference with law enforcement. On appeal, Hutcherson contends that his constitutional and statutory rights to counsel were violated. In addition, he contends that there was insufficient evidence to support his convictions of felony battery of a law enforcement officer and felony interference with law enforcement. For the reasons set forth in this opinion, we affirm in

part, reverse in part, and remand with directions for the district court to resentence Hutcherson, treating his interference with law enforcement conviction as a misdemeanor.

FACTS

On the afternoon of February 20, 2014, Lyon County Sheriff's Deputy Heath Samuels was traveling eastbound on 9th Avenue in Emporia when a vehicle that had been parked on the side of the road pulled out in front of him. According to Deputy Samuels, he had to slow down to avoid hitting the vehicle. He followed the vehicle as it turned onto southbound East Street and then activated his emergency lights. The vehicle stopped in the 800 block of East Street. When Deputy Samuels made contact with the driver, he immediately smelled what he believed to be raw marijuana coming from the vehicle.

Deputy Samuels asked the driver for her driver's license as well as her proof of insurance. In addition to the driver, there were two passengers in the vehicle—one in the front seat and one in the back seat. He also asked the passengers if they had any identification on them. The front seat passenger said he did not have identification with him. The back seat passenger—who was eventually identified as Hutcherson—said that although he had identification, he was not going to show it to Deputy Samuels.

Because he had smelled marijuana, Deputy Samuels called for backup. A few minutes later, Lyon County Sheriff's Deputy Cory Doudican arrived. Deputy Doudican talked to the driver while Deputy Samuels went back to his patrol vehicle to run the license tag and call for additional backup since there were three people in the vehicle. Deputy Samuels then went back to the vehicle and knocked on the front passenger window. He asked the passenger to step out and briefly spoke to him before asking him to sit on the curb. He then motioned for Hutcherson to exit the vehicle. At that point, Hutcherson threw open the door, jumped out of the vehicle, and ran across the street. Deputy Samuels was able to catch up to Hutcherson and tackle him on a dirt driveway.

2

Deputy Samuels wrestled with Hutcherson as he was trying to get handcuffs on him. During the struggle, Hutcherson began biting Deputy Samuels on the arm. About that time, Deputy Doudican came over and assisted Deputy Samuels in placing handcuffs on Hutcherson. As soon as Hutcherson was handcuffed, Deputy Samuels observed a set of black digital scales laying on the ground that appeared to have fallen out of Hutcherson's coat. Deputy Samuels later testified that based on his training and experience, he knew that drug dealers often carry digital scales to weigh drugs when they sell them.

Immediately after being read his *Miranda* rights, Hutcherson told Deputy Samuels that he had some marijuana in his coat. Deputy Samuels then searched Hutcherson's coat and found four large bags containing what appeared to be marijuana and one large bag containing what appeared to be methamphetamine. The deputy also found a smoking pipe with green vegetation in the bowl, an empty cardboard box that appeared to go with the digital scales, and a wooden grinder. Deputy Samuels also searched the vehicle that he had stopped and found a loaded handgun in the driver's purse. It was subsequently determined that the gun actually belonged to the front seat passenger, who had asked the driver to hide it in her purse.

On February 21, 2014, the State charged Hutcherson with one count of distribution or possession with intent to distribute marijuana within 1,000 feet of a school, one count of distribution or possession with intent to distribute methamphetamine within 1,000 feet of a school, two counts of no tax stamp, one count of felony battery of a law enforcement officer, and one count of felony interference with a law enforcement officer. The district court held Hutcherson's first appearance on February 24, 2014, at which time Hutcherson invoked his right to a speedy trial and requested counsel. The district court set Hutcherson's bond at $100,000 and appointed Ty Wheeler from Kansas Legal Services of Emporia to represent him. On March 3, 2014, the State filed an amended complaint reducing the amount of methamphetamine Hutcherson was charged with possessing.

The district court held the preliminary hearing and arraignment on April 9, 2014. At the hearing, the district court determined that the State had failed to present sufficient evidence that the possession charges occurred within 1,000 feet of a school. As a result, the State filed a second amended complaint on April 14, 2014. The district court also lowered the amount of Hutcherson's bond to $75,000.

On April 28, 2014, Hutcherson filed a waiver of jury trial and requested a bench trial. At a pretrial hearing held that day, the State moved to dismiss one of the charges for no tax stamp, and the case was set for a bench trial to begin on July 11, 2014. The district court also increased Hutcherson's bond back to the original amount. On May 2, 2014, the State filed another amended complaint—which was the final complaint filed in this case—dismissing both no-tax-stamp charges.

On June 25, 2014, the State filed a motion to continue the trial date due to the unavailability of a chemist from the Kansas Bureau of Investigation (KBI). A few days later, the district court held a hearing to consider the State's motion and was informed that Hutcherson had a warrant hold arising out of an unrelated case in Shawnee County. Hutcherson stated that he was willing to stipulate to the admission of the KBI report at the bench trial, and the district court denied the State's motion to continue the trial based on this stipulation. The district court released Hutcherson from his confinement in the Lyon County jail, and he was evidently transported to the Shawnee County jail on July 1, 2014. On the same day, the district court ordered that Hutcherson be transported from the Shawnee County jail to the Lyon County District Court for the bench trial scheduled to begin on July 11, 2014.

On July 8, 2014—exactly 90 days after his arraignment—Hutcherson filed a motion to dismiss, alleging a violation of his statutory right to a speedy trial. According to Hutcherson, he would have been in jail for 93 days since his arraignment by the time the bench trial was held. The State filed a response to the motion to dismiss on July 10,

4

2014, arguing that Hutcherson was now being held on a warrant in Shawnee County and was no longer being held in the Lyon County case. Later that same day, the State filed an addendum to its response, pointing out that K.S.A. 22-3402 was amended effective July 1, 2014, to allow courts 150 days after arraignment instead of 90 days to bring a defendant in custody to trial and arguing—in the alternative—that the amended statute applied to Hutcherson because it was procedural rather than substantive in nature.

On July 11, 2014, the district court held a bench trial and denied Hutcherson's motion to dismiss. At trial, Deputy Samuels testified about the events that occurred on February 20, 2014, when he stopped the vehicle in which Hutcherson was a passenger. The district court admitted into evidence the State's photograph showing the mark on Deputy Samuels' arm where Hutcherson bit him. In addition, the district court admitted into evidence the video recording of the stop. The video shows that Deputy Samuels turned on his emergency lights before the vehicle stopped. When he exited his patrol vehicle, Deputy Samuels was wearing gray cargo pants and a black tactical vest that said "SHERIFF" in large yellow letters on the back. Moreover, the front of his vest also said "SHERIFF" in smaller yellow letters. The front of the vest had various pockets for items, including handcuffs, and the deputy was wearing a handgun in a holster on his waist. The video also shows that Deputy Samuels identified himself as being with the Lyon County Sheriff's Department when he first spoke to the occupants of the stopped vehicle. In addition, the video taken from Deputy Doudican's patrol vehicle was admitted into evidence and shows that Deputy Samuels' vehicle had flashing lights on top as well as the word "SHERIFF" written on the side.

Deputy Doudican testified that during the altercation on the ground, Hutcherson bit Deputy Samuels' arm. He also testified that based on his training and experience, the amount of methamphetamine seized from Hutcherson's coat was more than a common user would use within a day or even a week. In addition, Deputy Doudican testified that

5

the marijuana recovered from Hutcherson's coat looked to be packaged for sale, since it was in multiple bags containing about the same quantity.

Moreover, the KBI lab report was admitted into evidence. It indicated that the substances found in Hutcherson's coat were determined to be methamphetamine and marijuana. The report also noted the weight of each drug. The State rested, and Hutcherson presented no evidence. After closing arguments were given, the district court found Hutcherson guilty of possession of marijuana with intent to distribute, possession of methamphetamine with intent to distribute, felony battery of a law enforcement officer, and felony interference with law enforcement.

On October 1, 2014, Hutcherson filed a motion for a dispositional or durational departure sentence. The district court held a sentencing hearing on November 13, 2014. At the hearing, the district court denied Hutcherson's motion for dispositional or durational departure. The district court then sentenced Hutcherson to 142 months of imprisonment. Thereafter, Hutcherson timely filed a notice of appeal.

ANALYSIS

*Right to Counsel*

Hutcherson contends that the district court interfered with his constitutional and statutory rights to counsel. He admits, however, that he did not raise this argument before the district court, which normally would mean that the issue was not preserved for appellate review. See *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015) (stating that constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review); *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014) (stating that issues not raised before the district court cannot be raised on

6

appeal). Notwithstanding, Hutcherson argues that his claim meets two of the exceptions to the preservation requirement.

The three exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal are: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

Here, regardless of whether the issue is properly raised for the first time on appeal, Hutcherson offers no facts showing that he was actually deprived of the assistance of counsel. In his brief, Hutcherson states that his attorney's office was located close to the Lyon County jail. On the other hand, he states that his attorney's office is approximately an hour's drive away from the Shawnee County jail to which he was transferred shortly before trial. As a result, he argues that this "deprived [him] of his right of free access to his counsel at a critical stage, the few days before trial when preparation is most intensive . . . . And it continued until sentencing, another critical stage . . . ."

It is undisputed that Hutcherson was released from the custody of Lyon County on June 30, 2014, and that he was transported to the Shawnee County jail on a warrant arising out of an unrelated case. Moreover, it is undisputed that he was transported to Lyon County for trial and for the sentencing hearing. Hutcherson, however, does not contend that he had any actual difficulty contacting his attorney or preparing for trial. Although he contends that it was theoretically more difficult to communicate with counsel when he was in Shawnee County jail, he does not contend that he was actually denied access to counsel. Accordingly, we conclude that Hutcherson has failed to show that his right to counsel was violated in this case.

7

*Sufficiency of the Evidence*

Hutcherson next contends that the State failed to present sufficient evidence to support his convictions for battery of a law enforcement officer and interference with a law enforcement officer. When a defendant challenges the sufficiency of the evidence in a criminal case, we review the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt. We do not reweigh the evidence, assess the credibility of the witnesses, or resolve conflicts in evidence. *State v. Longoria*, 301 Kan. 489, 532-33, 343 P.3d 1128 (2015). Hutcherson did not have to raise the sufficiency of the evidence issue before the district court in order to preserve it for appeal. See *State v. Foster*, 298 Kan. 348, 352, 312 P.3d 364 (2013).

Hutcherson was charged with battery against a law enforcement officer under K.S.A. 2013 Supp. 21-5413(c)(2)(B), which states:

> "(c) Battery against a law enforcement officer is:
> . . . .
> (2) battery, as defined in subsection (a)(1), committed against a:
> . . . .
> (B) uniformed or properly identified state, county or city law enforcement officer . . . while such officer is engaged in the performance of such officer's duty."

Hutcherson also was charged with interference with law enforcement under K.S.A. 2013 Supp. 21-5904(a)(3), which states:

> "(a) Interference with law enforcement is:
> . . . .
> (3) knowingly obstructing, resisting or opposing any person . . . in the discharge of any official duty."

8

Moreover, under K.S.A. 2013 Supp. 21-5904(b)(6), when conduct under subsection (a)(3) is charged "in the case of a felony," it is a severity level 9, nonperson felony, and when it is charged "in the case of a misdemeanor," it is a class A nonperson misdemeanor. The State charged Hutcherson with felony interference with law enforcement.

Initially, Hutcherson argues that the State failed to present any testimony or evidence that Deputy Samuels was in uniform and properly identified as a law enforcement officer. As the State points out, however, the video recording from the traffic stop, which was admitted into evidence, shows that Deputy Samuels was in uniform, in a marked patrol vehicle and that he properly identified himself when he approached the vehicle in which Hutcherson was riding. Thus, we conclude that a rational factfinder could have found Hutcherson guilty beyond a reasonable doubt.

Continuing, Hutcherson argues that there was insufficient evidence to support his conviction for interference with a law enforcement officer as a felony because the evidence only supported a finding that Officer Samuels was investigating a misdemeanor when he approached Hutcherson. See *State v. Hudson*, 261 Kan. 535, 538-39, 931 P.2d 679 (1997); *State v. Johnson*, 40 Kan. App. 2d 196, 203, 190 P.3d 995 (2008). The State candidly concedes that Hutcherson should have been charged with misdemeanor interference with a law enforcement officer because Deputy Samuels pulled the vehicle over for a traffic infraction and initiated a search based on the smell of marijuana, the possession of which would be a misdemeanor. Thus, we turn to the issue of what the appropriate remedy should be under these circumstances.

The Kansas Supreme Court has held that "[w]hen a criminal defendant has been convicted of a greater offense, but evidence supports only a lesser included offense, the case must be remanded to resentence the defendant for the lesser included offense." *State v. Wilt*, 273 Kan. 273, Syl. ¶ 3, 44 P.3d 300 (2002). In that case, the defendant was

9

convicted of aiding and abetting the sale of marijuana within 1000 feet of a school but the evidence was insufficient to support the proximity to the school. Our Supreme Court reversed the conviction but remanded to resentence the defendant for the lesser offense of sale of marijuana. 273 Kan. at 278, 280; see also *State v. Kingsley*, 252 Kan. 761, 782, 851 P.2d 370 (1993) (evidence insufficient to support aggravated arson because structure was not occupied by a living person so case was remanded to resentence defendant for simple arson); *State v. Moss*, 221 Kan. 47, 50, 557 P.2d 1292 (1976) (evidence insufficient to support attempted felony theft because State did not prove value was at least $50 so case was remanded to resentence defendant for attempted misdemeanor theft). Although we recognize that there are instances in which remand is not necessary, we conclude that because misdemeanor interference with law enforcement is a lesser offense of felony interference with law enforcement, it is appropriate under the circumstances presented to remand the case for resentencing, treating Hutcherson's conviction for interference with law enforcement as a misdemeanor.

Affirmed in part, reversed in part, and remanded for resentencing with directions.