NOT DESIGNATED FOR PUBLICATION

No. 108,164

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

COREY MONTGOMERY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed December 23, 2016. Conviction reversed, sentenced vacated, and case remanded with directions.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Joan Lowdon*, assistant county attorney, *Todd Thompson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., BRUNS, J., and BURGESS, S.J.

BUSER, J.:  This matter returns to our court upon a remand order by the Supreme Court. On January 31, 2014, our court issued a memorandum opinion in this case affirming Corey Montgomery's conviction for aggravated burglary in violation of K.S.A. 2011 Supp. 21-5807(b). See *State v. Montgomery*, No. 108,164, 2014 WL 349558 (Kan. App. 2014) (unpublished opinion), *rev. granted and remanded* 304 Kan. 1020 (2016).

In his appeal to our court, Montgomery had raised three issues, two of which are relevant to the Supreme Court's remand. First, Montgomery contended there was

1

insufficient evidence to support his conviction for aggravated burglary. In particular, Montgomery alleged that "K.S.A. 2011 Supp. 21-5807(b) requires the presence of a human being at the time of entry, rather than at some point during the burglary, and the State failed to prove this fact." 2014 WL 349558, at *3. In rejecting this contention, we stated

> "our court has consistently held that the 'entry of a person into a building at any time during the course of a burglary constitutes presence and is sufficient to establish aggravated burglary. . . . Significantly, we have also rejected attempts to limit this interpretation of the occupancy requirement to circumstances involving the 'remaining within' means of committing the offense. [Citations omitted.]" 2014 WL 349558, at *4.

The second issue Montgomery raised was related to the first subject matter. Montgomery asserted, for the first time on appeal, that the trial court erred in failing to give the jury an instruction on the lesser included offense of burglary. As we summarized Montgomery's argument: "According to Montgomery, the evidence supported the giving of such an instruction because [the resident] was not present at the time of the unauthorized entry." 2014 WL 349558, at *7. Consistent with our ruling regarding the first issue, we disagreed with Montgomery's assertion. We held: "Under these factual circumstances, we find the trial court did not err by failing to provide the jury with a lesser included offense instruction because all of the evidence taken together shows that the burglary was of the higher degree." 2014 WL 349558, at *8.

Upon the filing of our opinion affirming his conviction, Montgomery filed a petition for review which our Supreme Court granted on April 21, 2016. In its order, the Supreme Court summarily vacated the portions of our opinion relating to these two issues. The Supreme Court also directed us to reconsider these two issues in light of *State v. Daws*, 303 Kan. 785, Syl. ¶ 3, 368 P.3d 1074 (2016). After the remand order was issued, Montgomery sought to file a supplemental brief. In response, our court permitted

2

both parties to file supplemental briefs addressing the two issues on remand in light of *Daws*.

Having reconsidered this matter in accordance with the directive from our Supreme Court, we reverse Montgomery's conviction for aggravated burglary, vacate that sentence, and remand the case with directions to sentence Montgomery for conviction of the lesser included offense of burglary, in violation of K.S.A. 2011 Supp. 21-5807(a)(1).

ANALYSIS

We begin our analysis with a brief discussion of *Daws,* which shares factual similarities to the present case on remand. In *Daws*, the resident, Raul Flores Ramos, arrived at his house to find the front door shut but kicked in with the door jamb broken. Upon entering, Ramos discovered Michael Daws in the living room without his permission. Ramos told Daws to leave and he complied. Later, Ramos found some boxes inside the house had been moved and some property was missing.

Daws was charged with aggravated burglary. The information alleged that he "'did unlawfully without authority *enter into a building* . . . which is a dwelling, in which there was a human being, to wit: Raul Flores, with the intent to commit a theft therein.'" 303 Kan. at 786-87. At trial, Daws testified that he believed the house was abandoned and he never intended to commit a theft of property. In conformance with the charging document, the jury was instructed—based on the State's theory of prosecution—that Daws had knowingly entered the building without authority. For his part, Daws requested an instruction on the lesser included offense of burglary because he asserted that Ramos was not in the house when Daws entered it. Under Daws' theory, at the time he entered the house there was no human being present inside it, hence any burglary was not aggravated. The trial court, however, denied Daws' request, and the jury convicted Daws of aggravated burglary. Daws appealed to our court which affirmed the conviction. *State*

3

*v. Daws*, No. 108,716, 2013 WL 5925960 (Kan. App. 2013) (unpublished opinion). The Supreme Court granted Daws' petition for review, 301 Kan. 1048 (2015); the court later reversed the Court of Appeals and reversed the aggravated burglary conviction. *Daws*, 303 Kan. 785.

Critical to our Supreme Court's judgment in *Daws* was the rejection of our court's longstanding precedent first enunciated in *State v. Reed*, 8 Kan. App. 2d 615, 663 P.2d 680 (1983). *Daws*, 303 Kan. 785, Syl. ¶ 3. Contrary to that precedent, the Supreme Court held: "When the defendant is charged only with the entering into means of committing aggravated burglary, the human being must be present at the time of entry." 303 Kan. 785, Syl. ¶ 3. This new precept was based upon a plain reading of the aggravated burglary statute, K.S.A. 2015 Supp. 21-5807(b), which defined the crime as

> "'knowingly and without authority entering into or remaining within any building . . . in which there is a human being, with intent to commit a felony . . . therein.' As used in the statute, the phrases 'entering into' and 'remaining within' each refer to a legally distinct factual situation. The entering into element is satisfied when the evidence shows a defendant crossed the plane of a building's exterior wall. Remaining within refers to a defendant's presence in the building's interior after entry, authorized or unauthorized, has been accomplished." 303 Kan. 785, Syl. ¶ 1.

Returning to the present case on appeal, it is uncontroverted that Montgomery entered the residence of Ronald Gant, without permission, prior to Gant's later entering the home to interrupt the burglary in progress. These case facts are a mirror image of the case facts presented in *Daws*.

The procedural aspects of this case, however, differ somewhat from *Daws*. In the present case, the State's amended complaint alleged that Montgomery "did unlawfully, feloniously, and without authority *enter into, or remain within*, any structure," while in *Daws*, the State only alleged the defendant did "'enter[] into a building'" without

4

authority. *Daws*, 2013 WL 5925960, at *3. This difference in charging, however, is a distinction without a difference given that during Montgomery's trial, as acknowledged by the State on appeal, "the State elected to proceed with the 'entering into' language of the [aggravated burglary] statute." As a result, at the conclusion of the trial evidence, the State in the present case and in *Daws* proceeded under the prosecution theory that each defendant committed aggravated burglary based upon that defendant's entry into an unoccupied residence which was later occupied by the resident who interrupted the burglar.

There is a material distinction between this case and *Daws* with regard to jury instructions. In *Daws*, the aggravated burglary elements instruction as set forth in PIK Crim. 4th 58.130 was provided to the jury. This pattern instruction stated in relevant part that the defendant entered a residence and "[*t*]*hat at the time*, there was a human being in the residence." (Emphasis added.) In the present case, however, at the request of the State and without objection by Montgomery, this standard PIK instruction was modified to read, in relevant part, that the defendant entered a residence and "[*t*]*hat during the time of the unauthorized entry*, there was a human being in the residence." The State argues that post-*Daws*, "[s]uch language comports with the law" relating to the remaining within aspect of aggravated burglary. According to the State, since the jury was properly instructed, Mongomery's conviction should stand. We are not persuaded.

*Daws* draws a bright line between those aggravated burglaries which occur when the burglar enters a dwelling when a person is inside and when the burglar remains within the dwelling when a person enters the dwelling. The modified language of the instruction used in the present case, "during the time of the unauthorized entry," is an apparent attempt to integrate both Montgomery's entry (when no one was present in the dwelling) and his remaining inside the dwelling (when Gant arrived and entered the residence). We do not read *Daws* to allow for such a hybrid approach. Moreover, as modified, the instruction still focuses on Montgomery's entry or when he "crossed the plane of a

5

building's exterior wall," *Daws*, 303 Kan. 785, Syl. ¶ 1, and does not reference the separate "remaining within" aspect of aggravated burglary. We find this modified language in the instruction is ambiguous and not consonant with *Daw*'s either/or bright-line approach.

Given *Daws*' holding, was the evidence sufficient to support the jury's verdict that Montgomery committed aggravated burglary? When the sufficiency of evidence is challenged in a criminal case, the appellate court reviews all the evidence in the light most favorable to the prosecution. The conviction will be upheld if the court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt based on that evidence. *State v. Williams*, 299 Kan. 509, 525, 324 P.3d 1078 (2014), *overruled in part on other grounds by State v. Dunn*, 301 Kan. 773, 375 P.3d 332 (2016).

Given the uncontroverted testimony that Gant was not present in the residence when Montgomery entered the dwelling and the jury was instructed on the "entry" rather than the "remaining within" aspect of the crime of aggravated burglary, we are convinced that, pursuant to *Daws*, there was insufficient evidence to prove that Montgomery entered into Gant's residence when there was a human being inside the dwelling. Accordingly, Montgomery's conviction for aggravated burglary is reversed.

Based on this holding, it is unnecessary to address the second issue presented by Montgomery relating to the district court's denial of his request for a lesser included offense instruction of burglary.

Finally, in his supplemental briefing, Montgomery states, "the outcome should be the same as *Daws*, the aggravated burglary conviction should be reversed and Mr. Montgomery discharged from further liability on that charge." On the other hand, the State "respectfully requests that the case be remanded for sentencing as to residential

burglary. Corey Montgomery was convicted of aggravated burglary which would support a charge of residential burglary and can be sentenced for such."

While it is true that in *Daws* our Supreme Court simply reversed the aggravated burglary conviction, that court has held previously: "When a criminal defendant has been convicted of a greater offense, but evidence supports only a lesser included offense, the case must be remanded to resentence the defendant for the lesser included offense." *State v. Wilt*, 273 Kan. 273, Syl. ¶ 3, 44 P.3d 300 (2002). In *Wilt*, the defendant was convicted of aiding and abetting the sale of marijuana within 1000 feet of a school, but the evidence was insufficient to prove the proximity of the sale to the school. Our Supreme Court reversed the conviction but remanded the case to resentence the defendant for the lesser offense of sale of marijuana. 273 Kan. at 280; see also *State v. Kingsley*, 252 Kan. 761, 782, 851 P.2d 370 (1993) (evidence insufficient to support aggravated arson because structure was not occupied by a living person so remand ordered to resentence defendant for simple arson); *State v. Moss*, 221 Kan. 47, 50, 557 P.2d 1292 (1976) (evidence insufficient to support attempted felony theft because the State did not prove value was at least $50 so remand ordered to resentence defendant for attempted misdemeanor theft). Accord *State v. Hutcherson*, No. 113,669, 2016 WL 2942304, at *6 (Kan. App. 2016) (unpublished opinion); *State v. Escobar*, No. 112,538 2016 WL 3144179, at *5 (Kan. App. 2016) (unpublished opinion); *State v. Carner*, No. 90,903, 2005 WL 217163, at *6 (Kan. App. 2005) (unpublished opinion).

In the present case, while arguing for the necessity of instructing the jury on the lesser included offense, Montgomery acknowledged "the record would support a conviction for simple burglary." Upon our independent review of the trial evidence, we agree. The only insufficiency in the evidence in this case related specifically to the charge of aggravated burglary and the absence of evidence that Gant was present in the residence at the time of Montgomery's unauthorized entry into the dwelling. In all other respects we are convinced that based on the evidence a rational factfinder could have found the

7

defendant guilty beyond a reasonable doubt of the offense of burglary in violation of K.S.A. 2011 Supp. 21-5807(a)(1). See *Williams*, 299 Kan. at 525.

The conviction is reversed, the sentence for aggravated burglary is vacated, and the case is remanded with directions to sentence Montgomery for conviction of the lesser included offense of burglary, in violation of K.S.A. 2011 Supp. 21-5807(a)(1).

Conviction reversed, sentence vacated, and case remanded with directions.